## LAWLER'S HEIRS v. T. J. WHITE, AND OTHERS.

The record of a District Court, in a cause adjudicated by it in 1843, recited that notice of the suit had been served upon the defendant by publication. *Held*, in a suit brought to vacate the decree rendered in such former cause, and to recover the land thereby divested out of the ancestor of the present plaintiffs, that parol testimony was not admissible to controvert the recital of service by publication contained in the record sought to be impeached.

The weight of authority seems to establish the proposition, that even where the record is silent on the subject of notice, the judgment of a court of this State, of general jurisdiction, will support itself, and can not be impeached or called in question collaterally, because of any alleged want of jurisdiction over the parties to the decree.

The case of Grassmeyer v. Beeson, (13 Texas R., 524,) affirming the sufficiency of service, by publication, upon non-residents, before that mode of service was authorized by statute, cited and approved.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

The heirs of Joseph P. Lawler, deceased, instituted this suit against T. J White and others, for the recovery of a quarter of a a league of land, the head-right of the said Lawler, deceased.

After setting forth their right of inheritance from Lawler, the plaintiffs alleged in their petition, that there appeared upon the docket of the District Court of Gonzales county, Republic of Texas, at its Fall Term, 1841, a suit entitled " J. D. Clements, Administrator of Thomas R. Miller, v. Joseph P. Lawler," being a bill for discovery, relief and specific performance. The petition then proceeds to set forth the substance of the bill or suit referred to, and the proceedings therein, and also the final decree rendered at the Spring Term, 1843, whereby the title to the land now in controversy was divested out of said Joseph P. Lawler, and vested in the successors and heirs of the said Thomas R. Miller, deceased. The plaintiffs pray that this decree be reviewed and vacated, controverting the allegations of the bill upon which it was rendered, and impeaching its validity for several specified reasons; and among them, denying that any service or citation, in person, by publication, or otherwise, was ever had upon said Lawler in the suit referred to. The petition further showed that the present defendants, White and others, claimed and derived their title and possession of the land in controversy under the decree in the suit of Clements v. Lawler aforesaid, which the plaintiffs prayed might be annulled and vacated, and the land decreed to them.

The decree in the case of Clements v. Lawler commenced with the recital—"In this cause, it appearing that the order of publication ordered at the last term having been duly executed, and the defendant not appearing, the cause was heard upon the bill of the complainant; whereupon it is ordered and decreed by the court, that the title of the defendant in and to the quarter of a league of land in the bill mentioned, be divested, if not already sufficiently divested by the assignment referred to in the supplement to said bill; and that the title to the same be vested in the successors and heirs of the said Thomas R. Miller," &c.

White and others, who were defendants below, filed many exceptions to the petition, regarding it either as a bill of review, or as an action of trespass, which were overruled. They, also, filed their

answer, pleading among other defences, the decree in the case of Clements v. Lawler as a bar to the plaintiffs' action.

The record of the case of Clements v. Lawler was exhibited with the petition, and it appeared therefrom, that on the 9th of October, 1841, the court made an order of publication for the defendant, who, it recited, was " beyond the jurisdiction of the courts of the Republic of Texas;" and directed such publication to be made in "Austin City Gazette, for four successive weeks prior to the next term of this court."

At the trial of the present cause, during the Spring Term, 1858, the plaintiffs introduced the deposition of the witness Gray, to prove that he had thoroughly examined a full file of the Austin Gazette, preserved in the State Department, and that there was no publication of notice or citation in the case of Clements v. Lawler, to be found in the issues of that paper, from the date of the order up to the rendition of the decree.   The defendants objected to this testimony, on the ground that parol evidence could not be received to contradict the record of the decree.   The court sustained the objection, and excluded the deposition; whereupon, the plaintiffs excepted.

The court charged the jury, that the decree in the case of Clements v. Lawler divested whatever title the plaintiffs might otherwise have asserted, and that they should find for the defendants.

Verdict and judgment accordingly; plaintiffs' motion for a new trial overruled, and they prosecute their writ of error.

*John Ireland*, for plaintiffs in error.—The question raised by the bill of exceptions is: Was it competent for plaintiffs to prove by parol evidence, that there was no service on Lawler, by publication or otherwise, in the suit of 1843 ?

I first submit as a proposition incontrovertible, that a judgment, whether of a court of general or special jurisdiction, against a party without notice, is not binding either on him or his heirs, and is a perfect nullity. (McCoy v. Crawford, 9 Tex. Rep., 353.) It is void, and all sales made under it are also void, even in the hands of innocent sub-vendees.   (Sharfer v. Gates and wife, 2 B. Monroe, 453.)

Lawler v. White.

Is it, then, to be said that obtaining a judgment without notice of any sort, is not such a fraud as will permit a party against whom the judgment is invoked to show the fraud, and wherein it is void?

The bill of exceptions not only goes to Gray's deposition, but to any parol proof that there was no service.

It was clearly competent to prove that there was no service. (Bullock v. Ballew, 9 T., 475.)

If a judgment be void, it may be attacked in a collateral proceeding, at any time in any way, whenever invoked against a party.

*Mills & Stewart*, for defendants in error.

BELL, J.—We are of opinion that there is no error in the judgment of the court below, and that the same ought to be affirmed. . The only question which we deem it necessary to notice arises upon the bill of exceptions to the exclusion of the testimony of the witness Gray, offered by the plaintiffs below. The record of the District Court of Gonzales county, in the case of J. D. Clements, administrator of the estate of Thomas R. Miller, v. Joseph P. Lawler, recites that notice of the suit had been served upon Lawler by publication, in compliance with a former order of court. The testimony of the witness Gray was offered to disprove the record, and to show "that, in fact, no citation was ever served on said Lawler, by publication or otherwise, as recited in the decree." There has been much discussion, and some contrariety of decision, as to the conclusiveness of the record of a domestic judgment, and as to how far such a judgment may be impeached for want of sufficient matter of record to show that the court by which it was pronounced, had acquired jurisdiction over the cause and the parties. The cases which we have examined, in which it has been held that the question of service or notice was open to the parties, are cases in which the record was silent on the subject, or disclosed the fact that the court which rendered the judgment in question did not have jurisdiction of the parties. The weight of authority seems to establish the proposition, that even where the record is

silent on the subject of notice, the judgment of a court of general jurisdiction will support itself, and can not be collaterally impeached or called in question, because of any alleged want of jurisdiction over the parties to the decree. In Hare & Wallace's Notes to the cases of Mills v. Duryee, and McElmoyle v. Cohen, this subject is fully discussed. It is said that the attempt, even by a court of general jurisdiction, to exercise a power which it does not possess, will be fatal to the validity of its decree; "but," it is said, "this is obviously a very different case from that which arises where a proceeding is within the general jurisdiction of a tribunal, although the proper steps have not been taken by service of process, or otherwise, to make that jurisdiction attach in the particular instance. Here, as it would seem, the presumption that the proper course has been adopted is so absolutely conclusive, that it can not be controverted by evidence, unless in the instance of suits brought in one State upon the judgments of another, where an exception has been introduced by necessity rather than reason." And after a further view of the authorities, the annotators conclude: "These authorities appear fully sufficient to establish the salutary principle, that what is done by a judicial tribunal possessing general powers, and within the scope of those powers, must be deemed to have, within itself, the force necessary for its own support; and can not be called in question, except by the regular modes of examination which are provided for the investigation of real or imputed error in judicial proceedings." (American Leading Cases, vol. 2, pp. 736, 737.) In the present case, it may be said that the record of the suit in the District Court of Gonzales county disclosed the fact, that the court had no jurisdiction over the person of Lawler, inasmuch as the petition alleged that he was beyond the limits of the Republic of Texas. To this it is to be replied, that this court has held, in the case of Grassmeyer v. Beeson, that jurisdiction could be made to attach in such a case by publication of notice to the absentee, to appear and answer the writ. This being so, and the record containing the recital that the order of publication was duly executed, we are of opinion that the verity of the decree could not be impeached by parol. This is the only question argued by the counsel for the plaintiffs in error,

and there seems to be no necessity for considering other questions which are discussed by the counsel for the defendants.

The judgment of the court below is affirmed.

Judgment affirmed.