ST. LOUIS LIFE INSURANCE COMPANY *vs.* ALLIANCE MUTUAL LIFE INSURANCE COMPANY, impleaded, etc.

May 3, 1876.

**Interpleader—Position and Rights of Plaintiff.**—Where two defendants have properly interpleaded in an action brought by plaintiff to determine as to which he shall pay an acknowledged debt, and the money has been paid into court, upon its order for the benefit of the successful litigant defendant, it is not competent for the plaintiff thereafter to participate in the litigation between such contesting defendants, nor to object to any ruling or decision made in the action affecting alone their rights as between themselves.

**Same—Costs Allowed Against Plaintiff Acting in Bad Faith.**—The report of a referee in such an action will not be set aside or disturbed because it allows costs against the plaintiff, when the evidence before him reasonably tends to the conclusion that the action was instituted by the plaintiff in bad faith, rather with the view of delaying and prejudicing the successful defendant in obtaining his rights than of protecting himself against the risk of payment to one of two conflicting claimants.

The St. Louis Mutual Life Insurance Company (to whose business and liabilities the plaintiff has succeeded) issued a policy of insurance for $2,000, on the life of Henry Young, payable to the defendant Magdalena Young. Upon the death of Henry Young, the Alliance Company, defendant, claimed the insurance money, as assignee of Magdalena Young. The plaintiff thereupon brought this action in the district court for Ramsey county, alleging that it was ready to pay the money to the party rightfully entitled; that the alleged assignment was obtained by the Alliance Company by fraudulent practices, and was void, and praying that that company and Magdalena Young be compelled to interplead concerning their claims to the fund in dispute. The defendants separately answered, asserting their respective claims, and the action was referred, by consent, to Geo. L. Otis, Esq., upon whose report judgment was entered for the Alliance Company, and against the plaintiff, for the amount of the policy, with interest and costs. A new trial was refused by *Wilkin*, J., and the plaintiff appealed.

*Davis, O'Brien & Wilson*, for appellant.

*Lamprey & James*, for respondent.

CORNELL, J.[1]  The complaint in this action is in the nature of a bill of interpleader in equity, as known and understood prior to the adoption of the code practice. To determine, therefore, the *status* and rights of plaintiff in this action, it is necessary to refer to the nature of a suit in equity under the former practice, commenced by such a bill, and the rules and principles governing it.

As to the complainant, the sole office and purpose of such a bill was to relieve him from the risk, uncertainty, and expense of determining, by litigation or otherwise, as to which of several conflicting complainants he was owing and ought to pay an acknowledged debt or duty, his obligation and readiness to pay or discharge the same, upon the settlement of such question, being fully conceded. Hence, in a

[1] Berry, J., did not sit in this case.

bill of this character, it was necessary for it to appear that the complainant had no personal interest in such debt or duty, or the fund in his possession. He could not claim any relief against any of the claimant defendants, but could only ask leave of the court to pay the money or deliver the property to the one to whom it rightfully belonged, in order that he might thereafter be protected against the claims of all. The only decree the complainant was entitled to was one of interpleader, and that the bill was properly filed. This being obtained, he was thenceforth altogether out of the suit, the defendants alone being left to contest their conflicting claims, without any aid or interference on his part. 2 Daniel Ch. Pr. 1659, 1660, 1675, 1680, and notes; 2 Barb. Ch. Pr. 117, and cases cited in notes.

It is apparent from these considerations that, with the exception of the question of costs, none of the questions sought to be raised and discussed by plaintiff on this appeal are properly before us for consideration. They all relate solely to matters in controversy between the defendants, and which they alone are interested in litigating and settling. The decision of the referee in favor of the assurance company against the other defendant, acquiesced in, as it seems, by her, entitles it to the money paid into court by the plaintiff, under its order, for the benefit of the successful litigant defendant, and constitutes full protection to plaintiff against any claim on her part. Plaintiff has no interest, and is under no duty or obligation to prosecute an appeal in her sole interest and behalf, and will not be heard in the assertion of any of her rights.

In the matter of costs, there was sufficient in the evidence, and the conduct of the plaintiff during the trial, to justify the referee in arriving at the conclusion that the controversy nominally litigated between the defendants had its origin and support with the plaintiff, and that the action was instituted in bad faith, with the view of hindering and

delaying the defendant company in the collection of its claim, and not for the sole purpose of self-protection. Under these circumstances it cannot be said that the referee erred in awarding costs against the plaintiff.

Order affirmed.