R. A. LONG v. H. L. BRENNEMAN.

(Case No. 4728.)

1. JUDGMENT — COLLATERAL ATTACK.— A judgment rendered before a justice of the peace, which recites that the defendant was duly cited, cannot be attacked on the ground that jurisdiction had not attached, in a collateral proceeding. Williams v. Ball, 52 Tex., 603, followed.

2. JUDGMENT — VOID AND VOIDABLE.— The failure to file a statement of the facts in evidence on the trial of a cause in 1876, before a justice of the peace, in which

service was made by publication, did not render the judgment therein void, but only voidable on review, as provided in arts. 1488, 1489, Pasch. Dig.

3. LIMITATION.— A purchaser from one whose interest in land was sold and conveyed under valid judgment at execution sale to another, before the date of his purchase, cannot prescribe under the three years' statute of limitation. Wright v. Daily, 26 Tex., 730; Harris v. Hardeman, 27 Tex., 248, cited and followed.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

Appellee brought suit in trespass to try and remove cloud from his title to a lot in Paris. The defendant pleaded the general issue, title in himself and statutes of limitation of three, five and ten years. The court heard the evidence and gave judgment for plaintiff. Appellant assigned as error:

"The court erred in allowing plaintiff to introduce in evidence in support of his title a certain judgment rendered by B. F. Fuller, a justice of the peace in Lamar county, in favor of Andrew Dinwiddie v. W. J. Evans, on the 6th day of November, 1876, and also in admitting in evidence an execution issued thereon January 23, 1877, a *venditioni exponas*, levy and sale made by reason thereof in March, 1877, over the objection of defendant, without having shown first that the necessary affidavit required by law had been made to obtain said judgment by publication."

*Jas. B. Davis*, for appellant, cited Doty v. Moore, 16 Tex., 591; 26 Tex., 190; Hill v. Baylor, 23 Tex., 263; Davis v. Davis, 24 Tex., 190.

*Hale & Scott*, for appellee, cited Fitch v. Boyer, 51 Tex., 336; Williams v. Ball, 52 Tex., 603; Murchison v. White, 54 Tex., 78; Treadway v. Eastburn, decided at Austin term, 1881; Harris v. Hardeman, 27 Tex., 248.

WILLIE, CHIEF JUSTICE.— Both parties to this suit claim title to the land in controversy under W. J. Evans; the appellee under a purchase made at a sale by virtue of an execution issued upon a judgment rendered by a justice of the peace against Evans in favor of Dinwiddie, and appellant under a deed from Evans to himself.

The execution sale was prior in date to the deed from Evans to appellant, but it is claimed that the justice's judgment was void, and the sale under it conveyed no title. And this for two reasons: 1. Because the judgment purports to have been obtained upon service had by publication, and the record contains no affidavit laying a basis for such service; and 2. No statement of the facts proved on the trial before the justice is made part of the record of the cause wherein the judgment was obtained.

The judgment, which was by default, recites that the defendant was duly cited, and upon a collateral attack this recital will be held conclusive.

In the case of Williams v. Ball, 52 Tex., 603, it was held that justices' courts, having been created by the constitution, exercise within their defined limits general exclusive jurisdiction, and that their judgments, rendered apparently in the ordinary scope of their jurisdiction, though they may not show all the facts necessary to give the court jurisdiction, cannot be collaterally attacked as void for that reason.

It has been frequently decided that the judgments of a domestic court of general jurisdiction could not be collaterally attacked for want of service upon the party against whom they were rendered, unless such want of service appeared upon the face of the record itself. Where the record is silent upon the subject of notice, the conclusive presumption will be in favor of the recital of the judgment that service had been properly obtained. Lawler v. White, 27 Tex., 250; Fitch v. Boyer, 51 Tex., 336; Yturri v. McLeod, 26 Tex., 84. Also that in a suit brought to vacate such judgment parol testimony was not admissible to controvert the recital of service by publication contained in the record sought to be impeached. Lawler v. White, 27 Tex., 250.

There is nothing in the record of the justice's court which contradicts the recital that due service was had in the cause. None of its proceedings previous to the rendition of the judgment itself are contained in the statement of facts; and hence we must conclude that the recital is in all respects a correct conclusion from the proceedings previously had in the cause.

2. The failure to file a statement of facts in causes where judgment is rendered on service of proof by publication did not under the law then in existence render the judgment void, but voidable only upon petition of review, or an equivalent proceeding brought by the proper parties in the manner and within the time prescribed by law. Pasch. Dig., arts. 1488, 1489.

We conclude that the judgment was not void, and could not be set aside in this action, and the appellee was entitled to recover the land sued for unless his remedy was barred by the statute of limitations of three years, as pleaded by the appellant.

It is not denied by the appellee that the possession of Long was for a sufficient time to entitle him to the benefit of the statute, provided he brought himself within its other requirements.

These requirements are that he should show a regular chain of title down to himself from the sovereignty of the soil or a consecu-

tive chain of transfer from the government, which should be tainted with no defect, including the want of intrinsic fairness and honesty.

In tracing appellant's chain of title we find one link of it to be a deed from W. J. Evans, the defendant in the justice's judgment, to appellant, dated November 14, 1877. At that time there was of record in the county the sheriff's deed to Joe Brown, for the same land, which was dated and registered May 18, 1877. This deed was made in pursuance of an execution sale of the land under the justice's judgment already mentioned, and all the title then existing in Evans had been conveyed by it, and the record of the deed gave notice to appellant that Evans had no title to convey to him. The title of appellee is derived directly through mesne conveyances from Brown, the purchaser at sheriff's sale. The want of title in Evans at the time he sold to appellant created a *hiatus* in the consecutiveness of the latter's title, and broke the chain by which he could otherwise have traced it back to the sovereignty of the soil.

This point has been adjudicated in previous decisions of this court, and it has been uniformly held that a purchaser under such circumstances cannot prescribe under the three years' clause of our statute of limitations, however satisfactorily he may bring himself within all the other requisites of that statute. Wright *v.* Daily, 26 Tex., 730; Harris *v.* Hardeman, 27 Tex., 248.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered April 10, 1883.]