Boyd v. Roane.

## BOYD V. ROANE.

1. JUDGMENTS: *In adversary suits, void without notice; Application of act of 1859.*

Since the enactment of the statute (*Mansf. Dig., sec. 5201,*) declaring all judgments pronounced by any of the courts of this State against any one, without notice, absolutely void, the doctrine laid down in *Borden v. State, 11 Ark., 519,* that the judgment of a superior court, rendered without notice, is not void but only voidable, has been adhered to so often that it has become, in its application to analogous cases, a rule of property not to be disturbed by the courts. But this consideration does not hinder the application of the statute to judgments pronounced in adversary suits, either in law or in equity; and such judgments, without notice, whether against infants or adults, are absolutely void.

| | |
|---|---|
| 49 | 397 |
| 54 | 542 |
| 49 | 397 |
| 55 | 36 |
| 55 | 492 |
| 49 | 397 |
| 57 | 54 |
| 57 | 428 |
| 57 | 631 |
| 49 | 397 |
| 58 | 187 |
| 49 | 397 |
| e72 | 107 |
| j72 | 114 |
| 72 | 304 |
| 49 | 397 |
| 74 | 478 |
| 75 | 181 |
| 77 | 383 |
| 49 | 397 |
| f79 | 19 |
| 80 | 308 |
| 81 | 450 |
| h81 | 465 |
| 81 | 468 |
| 49 | 397 |
| f90 | 49 |

2.  SAME:  *Presumption of notice from recital of record:  Innocent purchaser under erroneous decree:  Correction of clerical errors.*

The infant heirs-at-law of a deceased mortgagor were made parties defendant to a bill to foreclose a mortgage of certain lands.  The record shows that process issued against them and that the court appointed for them a guardian *ad litem*. A decree foreclosing the mortgage was rendered in the following form: "*J. J Busby v. M. L. Bell, et al.*:  Now, on this day, this cause came on to be heard, and come the parties to said cause, by their respective attorneys, and by consent it is ordered," etc.  At a sale made under this decree, B., a stranger to the foreclosure proceedings, purchased the lands, and his purchase was confirmed.  He afterwards filed a bill to correct an inaccuracy in the description of the lands, which was found to exist both in the decree and in the commissioner's deed, and to quiet his title.  The heirs-at-law, who were all still infants, were made defendants to B.'s complaint, and having been served with process a guardian *ad litem* was appointed for them, who appeared and answered.  In the second suit the court reformed the description of the lands and quieted B.'s title.  There was no appeal from this decree, nor proceeding to vacate it, until all the defendants except one had passed the age of 21 years by more than one year, when they joined in this action against B., to set aside both decrees, alleging, among other things, that the decree of foreclosure was void because there was no service of process on any of them, and that the second decree was erroneous.  *Held:*  (1) That the presumption from the recital in the decree of foreclosure is that the infant defendants in that suit, or their guardian *ad litem* for them, appeared by attorney after service of process upon them; and that this presumption of service, thus raised by the record, is conclusive and cannot be contradicted by evidence *aliunde*.  (2) That the decree of foreclosure not being void, its reversal, or vacation for error, whether upon appeal, bill of review, or otherwise, would not divest the title of B. acquired under it.  (3) That it was competent for the court, in the suit brought by B., to reform the description of the lands; and if there is error in the decree rendered in that suit, the adult plaintiffs waived their right to attack it, by their failure to prosecute an appeal or institute an action to vacate it within twelve months after their attaining full age, as provided in section 5184 of Mansfield's Digest.  And if sufficient cause was shown for vacating that decree on the complaint of the infant heir, the decree of foreclosure, which divested the title of the plaintiffs, being valid would remain, and it would be incumbent upon the court to correct the clerical error in the latter by re-entering the second decree.

3.  SAME:  *Against infant without defense or proof.*

In a suit to foreclose a mortgage, to which infant heirs-at-law are parties defendant, it is error to decree a foreclosure without a defense by the guardian *ad litem* appointed for them, and without proof of the allegations of the complaint;

Boyd v. Roane.

but a decree so rendered in the exercise of jurisdiction rightly acquired is not void.

4. SAME: *Against infant: Complaint to vacate.*

In a proceeding, under section 3909 Mansf. Dig., to vacate a judgmen against an infant, the complaint must set forth the grounds to vacate the judgment and the defence to the action, as required by section 3911, and it must be shown that injustice has been done to the infant.


APPEAL from Jefferson Circuit Court in Chancery.
JOHN A. WILLIAMS, Judge.


*McCain & Crawford* for appellants.

1. The record shows that summons was issued for the minor defendants; that a guardian *ad litem* was appointed; and the statute requires service of process before the appointment of a guardian. *Gould's Dig., p. 852, 219.* The phrase " *et al.*" has the same legal effect as if the name of every defendant was set out. The appointment of a guardian *ad litem*, and his appearance, as shown by the decree, and the fact that summons was issued, raise a strong presumption that they were served, and oral testimony is not allowable to overcome this presumption.

But if they were not served, it is not jurisdictional. The Chancery Court is the guardian of its infant wards. *33 Ark., 425.* It is necessary to make them parties to a suit affecting their rights, but when they are made parties, the Chancellor as their guardian will see that a defence is made. The law will not allow an infant to defend, and consequently, notice to him is of secondary importance. *42 Ark., 222.*

The failure to serve process on a minor before appointing a guardian, is a reversible error, an irregularity, but does not render a judgment void, nor affect the jurisdiction. *66 N. Y., 175; 54 Tex., 220; 25 Ala., 507; 2 A. K. Marsh. (Ky.), 591; 8*

*Gill & J.* (*Md.*), *136; 4 Dana, 429; 7 Mo., 426; 3 Ohio St., 494; 8 id., 614; 19 Cal., 629; 42 id., 484.* As to the general juris- diction of chancery in the matter of infants, see *Bisp. Eq., sec. 543; 33 Ark., 428.*

Sales of land under orders of Probate Courts, without giv- ing notice as required by section 179 Digest are valid and binding unless appealed from. *31 Ark., 74; 13 id., 507.*

If plaintiffs are not barred by the foreclosure suit, they are by the second suit. To this suit all the heirs were parties and proper process issued against them, and duly served. The decree *quieted* Boyd's title to the "Contentment Place," and enjoined the heirs from interfering with the title, or maintain- ing any action for same, etc.

Plaintiffs are barred from setting up any claim now, which would have been available as a defence to that suit. *Herman on Estoppel, secs. 457–8; 7 Wall., 102.*

But if this second decree was erroneous for irregularity, it was not a nullity, and could only be vacated by appeal. The allowing *affidavits* to be read instead of depositions does not make the decree *void. 3 Mad. Chy., 225; 8 Iowa, 17;* and a decree by consent was allowable under the old practice. *1 Brown Chy., 422.*

2. It is now too late for the infants to complain. They did not avail themselves of their statutory right to attack de- crees against them. A decree against an infant may be pleaded against him in bar to a new bill brought after he be- comes of age; for an infant is as much bound by a decree as an adult. *Story Eq. Pl., sec. 792; 34 La. Ann., 813; 45 Mo., 401; 3 A. K. Marsh., 254–280; 8 Iowa, 17; 57 Mo., 362; 27 Ind., 416.*

3. The plaintiffs are barred by limitation, even if this suit be viewed as an ordinary bill to redeem. Their right of ac- tion accrued the moment Boyd took possession under the

Boyd v. Roane.

foreclosure sale. *Jones Mort., 673; Wood Lim., secs. 225, 235; 13 Wisc., 264; 3 John Chy., 129; Jones Mort., 1144; 2 Jac. & Walker, 186.* If plaintiffs are not barred in seven years, they would not be in a hundred.

4. Boyd was not a mortgagee in possession, nor did he stand in the shoes of one. He was a stranger to the foreclosure suit, and bought at a judicial sale, and the statute commenced to run at once. *McGaughey v. Brown, 46 Ark.; 22 Ark., 483; 44 id., 479.*

5. If it be claimed that this is a direct proceeding to set aside the decree for irregularities, there are three objections :

First. The proceedings were not brought within one year from the time they attained their majority, except as Hugh Roane.

Second. Under the old chancery practice, in a bill to *foreclose and sell*, infants were not allowed a day to show cause. In all other cases they were. *3 Johns. Ch., 367; 2 Barb. Ch. Pr., 210.* By express provision they have no such right now, if they did not enjoy it under the old practice. *Mansf. Dig., sec. 5184.*

Third. If plaintiff, Hugh Roane, have the decree of foreclosure reversed for irregularities, this cannot affect the sale. The reversal of a judgment never affects the validity of a sale previously made under a judgment, however erroneous the judgment may have been. *9 Wall., 23; 20 Ark., 583.*

*Malone & Watson* and *Metcalf & Walker* (of Memphis, Tenn.), for appellants.

1. If the foreclosure decree was not *absolutely void*, then Boyd's title is good. The most that can be said of the decree is that it is *voidable* and not *void*. It was incumbent on the heirs to show by the *record itself*, that they were not served, not by evidence *aliunde*.

This is a *collateral* attack upon a domestic judgment. The record shows affirmatively that the heirs were before the court, and hence the decree was not void. *34 Cal., 402; 59 Tex., 212; 1 Smith's Lead. Cases, 5th Am. ed., 823; 25 Ind., 382; 100 Ind., 402; 30 Conn., 198; 9 Gratt., 323; 2 Head, 255–7; 16 Lea, 82; 25 W. Va., 699; 56 Me., 81; 25 Minn., 9; 58 Wisc., 212; 12 Iowa, 204; 18 Wall., 365; 117 U. S., 270.*

Where the record, supporting a domestic judgment, affirmatively shows jurisdiction, it imports absolute verity, and in a collateral proceeding cannot be contradicted by any manner of proof outside the record. *80 Ill., 307; 27 Iowa, 129; 68 Me., 269; 38 Vt., 9; 7 S. & R., 165; 87 Ill., 365; 11 Lea, 181; 100 Ind., 402; 25 W. Va., 692; 42 N. Y., 26; 23 Mich., 286; 13 Ohio St., 446; Freeman on Judg., secs. 123 to 134; Wells on Jur., sec. 30; Hawes on Jur. of Courts, secs. 258–9.* See, also, *6 Engl., 519, 551; 18 Ark., 62; 22 id., 391; 42 id., 229; id., 21; 18 Wall., 468.*

2. The second decree is an absolute bar to this action. See authorities cited by McCain & Crawford.

3. The whole matter is *res adjudicata.* Everything urged in the bill as a reason why these decrees should be set aside, could have been pleaded as a defence to the Boyd bill. *7 Wall., 106; 50 Miss., 391; 4 Lea, 380; 30 Iowa, 436; Wells Res. Adj., sec. 248; Freeman on Judg., sec. 247.*

4. The bill showed on its face that it was barred, and failed to show any fact bringing the case within any of the exceptions of the statute. *16 Ark., 129; 20 id., 195; 24 id., 390; 1 Dan. Chy. Pr., 5th ed., \*673; Mansf. Dig., sec. 4116; 46 Ark., 25.*

*J. M. & J. G. Taylor* and *Thos. B. Martin* for appellees

1. This is not a bill to redeem, pure and simple. The object is to vacate the two decrees under *subdiv. 8, sec. 3909* and

Boyd v. Roane.

*5184 Mansf. Dig.* See *33 Ark., 161; 17 Vesey, 178.* As to the adults it is a bill of review. *36 Ark., 532.*

The decree in the foreclosure suit was *void.* The infants were not served with process, no defence was made for them, and no proof adduced on the hearing. The code was in force when the decree was entered. *Civil Code, sec. 890.* If the record had recited service it can be contradicted by testimony *aliunde. 36 Ark., 217.* Where there has been service the record should show it. Where there has been none it should show an appearance, and when there are several defendants it is not sufficient that the record states that the "defendants appeared." Such a term applies only to those who by service or appearance, have been made parties, and does not include all who have been named in the complaint. *38 Ark., 443; 26 id., 491.*

A judgment against an infant without service is void. *115 Ill., 649; 23 id., 445; 39 Ark., 106; 18 B. Mon., 560; 3 Met., 425; 40 Ark., 42.*

The court could not appoint a guardian *ad litem* before service. *Mansf. Dig., sec. 4958; 39 Ark., 64; 40 id., 56.*

No decree could be entered against the infants, until the guardian appeared and made a *substantial defence. Supra. 5 J. J. Marsh., 49.* It was error to decree against the infants without proof "by consent." *6 B. Mon., 247; 47 Ark., 300; Mansf. Dig., sec. 4957; 42 Ark., 222.*

2. The second suit being based upon the validity of the first decree, falls with it. No proof was made. *Ex parte* affidavits are not testimony. The guardian could not bind the infants *by consent.* No guardian or attorney can make admissions prejudicial to a minor. *47 Ark., 456; 56 Mich., 557.* No defence was made for the minors.

3. A judgment against an infant is irregular, and may be set aside at any time when it appears there was no service of

process upon him. *88 N. C., 639; 80 Ky., 68; 10 B. Mon., 671; 84 N. Y., 64.*

4. Appellees are not barred. Boyd was a mortgagee in possession, under the Real Estate Bank mortgage, of 640 acres of the land, and held the others under the Powell mortgage. See *Wood on Lim., sec. 226.* As to the homestead Boyd must show seven years occupancy after the arrival of age of Hugh Roane. *47 Ark., 511; 22 id., 567; 42 id., 357.*

5. The claims of the creditors are barred. *37 Ark., 155.*

*U. M. & G. B. Rose* for appellants, in reply.

1. If the decree of foreclosure is *voidable* merely the purchase of Boyd must stand, though the decree be set aside. *34 Ark., 569; 5 id , 424; Freeman on Judgments, sec. 484.* A *void* judgment is a nullity, and a purchaser under it acquires nothing. *Freeman on Judg., sec. 117.* In no case can a *void* judgment afford any grounds for the interference of equity. The remedy is *certiorari* or ejectment. *27 Ark., 414; 37 id., 614; 39 id., 348; 44 id., 513.*

Whether this be a bill to redeem or a bill of review, it does not help the cause, for unless the judgment is set aside there can be no redemption; and if the judgment is set aside for error merely, there can be no redemption from Boyd, for his title will remain unaffected.

A judgment shall not be vacated, etc., unless it is adjudged *there is a valid defence* to the action, etc. *Mansf. Dig., sec. 3912.* It is conceded here that there is no defence to the foreclosure suit.

The Code provides no such remedy as is attempted in this case. *Secs. 3904-6-9-11.* Two classes of cases are provided for—those where the error appears on the face of the record, and those which appear by extrinsic testimony—with the ap-

propriate remedy for each class. *32 Ark., 152.* The only remedy is by appeal. *Mansf. Dig., sec. 1276; 10 Bush. 619.*

2. This is a direct proceeding against Busby, but it is only collateral as against Boyd's heirs, as Boyd was not a party to the suit. *39 Ill., 260; 43 Cal., 644.* The setting aside the decree would not affect Boyd's title. As to who are bound by the decree, see *19 Wall., 570; 4 La. An., 313; 12 id., 282; 11 Humph. (Tenn.), 189; 27 Tex., 692.*

The cases cited for appellees are cases *on appeal* by infants, and the judgments were *reversed* for errors and defects of proceedings.

In the absence of proof, that the infants were not served, in the record, the presumption is that the court had jurisdiction. *53 N. Y., 597.* As to probate sales, see *31 Ark., 83.*

3. Service on a minor is not jurisdictional. *25 Ala., 513; 15 Ohio, 699; 54 Tex., 220; 8 Blackf., 336; 3 McLean, 320; 3 S. C., 323; 30 Fed. Rep., 534; Story Eq. Jur., sec., 1352; 4 Dana (Ky.), 429; 103 U. S., 438.*

4. The absence of a summons showing service, or the failure of the record to recite service, or to show appearance, does not invalidate a judgment. *53 N. Y., 600; 11 Ark., 519; 13 id., 414; 11 id., 572; id., 731; 14 id., 124; 13 id., 33; id., 505; 12 id., 86; id., 272; 19 id., 185; 18 id., 294; 20 id., 78; 21 id., 367; 44 id., 426; id., 270; 33 id., 828; 37 id., 540; 47 id., 419; 32 id., 691; 18 How., 164; 117 U. S., 269.*

*Mansf. Dig., secs. 5201–2* is only declaratory of what the law was before. It was always true that a judgment without notice, *the want of notice appearing by record evidence*, was void.

5. No judgment will be set aside except upon a substantial showing of merit, at the instance of infants or others. *Freeman on Judg., sec. 513; 116 Mass., 382; 45 Mo., 404; 2 Barb. Chy. Pr., 207.* The omission to appoint a guardian *ad*

*litem* would not render the decree void. *6 S. & M., 492; 6 Col., 171; 64 Cal., 599; 66 N. Y., 174; 17 id., 221; 24 Kans., 427; 3 A. K. Marsh, 253; 18 Ark., 63.* A decree against an infant by confession is not void when collaterally attacked. *113 U. S., 196.* See, also, on these points, *110 U. S., 320; 43 Iowa, 214; 17 N. Y., 221; 64 Cal., 593; 7 Ind., 385; 8 Blatchf., 444; 8 Iowa, 23; 1 Ind., 130.* The presumption is that when a guardian is appointed the minors were served, and especially when it is shown that process issued. *1 Ind., 130.* Plaintiffs have not shown that any injustice was done them. *93 Ind., 164; 47 Am. Rep., 371; 10 Bush., 620; 14 Cal., 138; 73 Am. Dec., 639; 72 Mo., 189; 2 Sch. & Lef., 573; 31 Cal., 285; 9 Vesey, 37.* See, also, *2 M. & K., 409; 6 S. & M., 493; 3 P. Wms., 351; 21 Gratt., 636.*

6.  Parol evidence is not admissible to contradict a decree and prove that it was rendered without notice.

7.  In the second suit, the decree recites that the court made its finding after "hearing the evidence adduced." The presumption is that the decree was rendered upon proper and sufficient evidence. A judgment by default will not even be set aside without a show of merit. A valid defence must be shown. *37 Ark., 450; 5 id., 183; 6 id., 447.*

COCKRILL, C. J.   John Selden Roane died in 1867 seized of a large plantation, upon which he resided, in Jefferson county, Arkansas, known as "Contentment." At the time of his death his plantation, consisting of about 1335 acres of land, was encumbered with a mortgage to one Powell, and also in part with a Real Estate Bank mortgage. In 1868 suit was instituted in the Circuit Court of Jefferson county, in chancery, to foreclose the Powell mortgage. The widow and heirs at law, and the administrator of the estate of Roane, were made parties defendant to the bill. The heirs were all minors. Process issued for all the defendants in February of the same

year; a guardian *ad litem* was appointed by the court for the infant defendants; in January, 1869, a decree foreclosing the mortgage was rendered; a sale was made by the court's commissioner, and A. M. Boyd, the appellants' ancestor, and one Walt, became the purchasers. Walt sold his interest in the lands to his co-purchaser, Boyd, and is not concerned in this litigation. The widow's dower was afterwards assigned, and Boyd purchased her interest in the land. He entered into possession of the entire tract known as the "Contentment Place," soon after his purchase at the commissioner's sale. Afterwards he discovered that the description of the land in the commissioner's deed, as well as in the decree of foreclosure, was inaccurate except as to about 300 acres of the tract; and in September, 1871, he filed a bill in the Jefferson Circuit Court to correct the error and quiet his title. The administrator of the estate and the heirs of Roane, who were still infants, were made defendants; process to bring them into court was regularly served and a guardian *ad litem* was appointed for the infants, who appeared and answered.

The mistake in the description arose in this way: Two tracts were described in the mortgage as survey No. 24, in section 26, containing 640 acres, and survey No. 24, in section 23, containing 400 acres, all in the same township and range as that which was correctly described; when the proper description, it seems, was as follows: Survey No. 2426, of Piere Derosier, 640 acres, and survey No. 2423 of Louis Levy, 437½ acres, together with other lands in the same township and range, making an aggregate of 1335 17-100 acres. The mortgage, however, after the inaccurate description above given, concludes thus: "containing in all 1335 and 17-100 acres of land, together with all and singular the improvements thereon, being the plantation known as Contentment, situated in Jefferson county." In this second suit the court, " after hearing the evidence adduced," as the record recites, found that the mort-

gage bound the " Contentment Place," which is there accurately described, and that it had been sold by the commissioner under the decree; and thereupon decreed Boyd's title absolute as against all the parties to the suit, and forever enjoin them from maintaining any action against him for or concerning the lands embraced in the proper description of the " Contentment Place," and formally quieted his title and possession.   Boyd remained in possession of the lands.   He discharged the mortgage to the Real Estate Bank which was an encumbrance upon a part of them when he purchased, by paying into the State treasury the sum of $14,171.20 in State scrip.   Roane's estate was insolvent.   Neither the administrator nor the creditors laid claim to the " Contentment Place " as assets, after the sale under the decree of foreclosure.   But in 1884, while the youngest heir was still a minor, but more than one year after the next youngest had attained the age of twenty-one years, the heirs joined in a complaint in the Jefferson Circuit Court, in chancery, against A. M. Boyd, to set aside the two decrees above mentioned, to have an account of the rents and to oust Boyd of the possession.   It is this last litigation that now comes to us by appeal.

The suit, as far as the infant heir is concerned, is, as is claimed by counsel for the appellees, a statutory proceeding to show cause against the decrees under subdivision 8, of section 3909, of Mansfield's Digest, while as to the adults, it is a bill of review resorted to for the purpose of vacating the decrees to enable them to redeem.

The complaint sets forth all the facts above detailed, and alleges that the decree of foreclosure under the Powell mortgage is void and of no effect whatever, because, as it alleges, there was no service of process on any of the parties who are now complainants in this suit, but who were defendants in the suit to foreclose.   It is further alleged that no defence was made for the infants in that suit; that no proof was adduced at

the hearing; that the decree did not in fact describe the lands, and that the second decree being in aid of one that was void, could not rectify it, and that the latter was itself erroneous, because the answer of the guardian *ad litem* was not a proper denial of the allegations of the bill in that case, and further, because the only proof adduced upon the hearing was by *ex parte* affidavits.

Creditors of the estate of Roane, whose claims had been probated, were, upon petition, made parties and filed an answer and cross complaint laying claim to the estate as assets for administration. The material facts outside of the record evidence were agreed upon by counsel, except as to the want of service of process on the minors in the foreclosure suit; and Mrs. Roane, the mother of the complainants, was examined as a witness to prove that no process had ever been served on the minors in the suit to foreclose the Powell mortgage. The summons, which the Clerk's indorsement upon the complaint showed had been issued for all the defendants at the institution of the suit, could not be found. The Chancellor found, from the evidence, that there was no service of summons on the complainants here in the first suit, and that the decree in that case was for that reason a nullity; and set aside the second decree because, as he found, a proper answer was not filed or a proper defence made for the minor defendants. He also declared that the mortgages had been discharged by the rents which Boyd had enjoyed; awarded the possession to the complainants, and after a reference to a master rendered a personal decree against Boyd for rents and profits to the amount of $21,000. Boyd shortly afterwards died, and his heirs and personal representative have appealed.

The first question to be met is the effect of the decree foreclosing the Powell mortgage. Was it void?

It is contended for the appellants that inasmuch as infants

1. JUDGMENTS: In adversary suits, void without notice: Application of act of 1859.

are regarded as the wards of chancery and the court acts as guardian *pro hac vice* of the infant where the property to be affected and the infant owner are subject to the court's jurisdiction, actual notice to the infant is not essential to the exercise of jurisdiction (see *Insurance Co. v. Bangs, 103 U. S., and cases cited*), and that conclusion would seem to follow from the reasoning of Judge Scott in *Borden v. State, 11 Ark., 519*, determined in 1851, if indeed it may not be inferred therefrom that notice in no case is an absolute prerequisite to the exercise of jurisdiction by a superior court having authority over the subject matter. See *Holland v. Burns, 28 Ark., 174; Montgomery v. Johnson, 31 Ark., 81–2.* The principle that the jurisdiction of superior courts will be presumed to have been properly exercised is ably stated in that case, though the reasoning employed, if not confined to the facts under consideration, might push the doctrine beyond its legitimate sphere. The fear of this was doubtless the cause of the enactment of the act of February 17, 1859 (*Mansf. Dig. sec. 5201*), which in terms declares all judgments, orders, sentences or decrees pronounced by any of the courts of this State against any one without notice, actual or constructive, together with all the proceedings had thereunder, absolutely null and void. This act has never received an express construction from this court, but it has not been permitted by the court to change the doctrine of *Borden v. State* in analogous cases, even where the want of notice appears of record. *Borden v. State* was a case, however, of a judgment of a Probate Court—a superior court under our law—whose jurisdiction is obtained over the estate of a decedent as well as the person of the administrator by the grant of letters of administration. *Adams v. Cummins, 10 Ark., 549; Sturdy v. Jacoway, 19 id., 515; Adams v. Thomas, 44 id., 267.* And although previous notice of some of the steps to be taken in the course of administration is required by the statute, it has been steadily ruled, as well since the act as before, that the neglect to observe these require-

ments does not render the judgments or orders of the court void, but only voidable. The proceedings for the sale of the assets of a decedent's estate, as well as certain proceedings in the County Court, are treated as in the nature of proceedings *in rem.* (*Adams v. Thomas, sup., and cases cited; Howard v. State, 47 id., 438*), and for this reason it may have been regarded that this class of cases did not fall within the letter of the act. But whatever the reason, *Borden v. State* has been adhered to so often since the act as to render the doctrine it lays down a rule of property not to be disturbed by the courts at this day. See *Adams v. Thomas, supra, and cases cited ; Montgomery v. Johnson, 31 id., 82–3.* But neither this consideration nor the reasons that may be adduced to prevent the application of the statute to the class of cases to which it has not been extended, hinders the application of its plain mandate when the question arises in regard to a judgment pronounced in an adversary suit, either at law or in equity. Such a judgment without notice is absolutely void. *Sec. 5209, sup.; Shaul v. Duprey, 48 Ark., 334; St. L., I. M. & So. Ry. v. Richter, id., 349; Wingfield v. McClure, id., 500; Giles v. Hicks, 45 id., 271.*

The terms of the act apply as well to an infant as to an adult. The authorities cited to sustain the position that the infant need not be personally notified, are therefore met by the positive requirement of the statute. If, then, the decree of foreclosure can be said to have been rendered without notice to the infant defendants, it is void, and the purchase under it conveyed no title to the lands sold. Whilst the authorities, without the aid of statutes, generally pronounce judgments without notice void, yet there is a lack of harmony upon the question how the want of notice must be made to appear in order to have the effect of nullifying the judgment.

It is generally thought to be better that the doctrine that 2. SAME: the record importing absolute verity should work an occasional Presumption of notice from recital of record. hardship, than that public confidence should be shaken in the

stability of judicial proceedings by suffering them to be lightly overturned; and for this reason the weight of authority in the case of a domestic judgment collaterally attacked, is that the question of notice or no notice must be tried by the court upon an inspection of the record only. *Freeman on Judgments, sec. 124, et seq.; Crepps v. Durden, 1 Smith Lead. Cas. (Pt. 2, 8th ed.), p. 1139 et seq.* Guided by this rule, we turn to the decree under consideration. It is in the following form, viz.:

"*J. J. Busby v. M. L. Bell et al:*

" Now on this day this cause came on to be heard, and come the parties to said cause, by their respective attorneys, and by consent it is ordered," etc.

It is argued that this is a decree against the administrator, Bell, alone. But the record in that case discloses that process issued for the infant defendants and that a guardian *ad litem* was appointed to defend for them. The presumption is indulged that the court would not have appointed the guardian *ad litem* and proceeded to judgment without the service of summons. *Brackenridge v. Dawson, 7 Ind., 385; Horner v. Doe, 1 id., 130; Borden v. State, sup., 570.* And if summons was served, and we apply the rule which governs on appeal or writ of error where the design is merely to secure the observance of the due course of law, and where public policy does not require the courts to be fettered by any presumption calculated to shut out the truth, the phrase "*et alios*" must be construed to refer to all the defendants who have been served. *Neel v. Singleton, 26 Ark., 491; Davis v. Whittaker, 38 id., 438; Williams v. Bankhead, 19 Wall., 570; Wilson v. Nance, 11 Humph., 189.* The presumption then, from the recital of the decree, is that the infants in that suit, or their guardian *ad litem* for them, appeared by attorney, after service of process on the infants. But they undertook to prove, and the Chancellor found the fact to be, that this presumption of service had been

overturned by parol proof that no service was in fact had upon the minors.

It is not necessary that jurisdictional facts should appear of record in a court of general jurisdiction. That was the main question at issue in *Borden v. State*, and the previous cases of this court holding that the facts must so appear were there over-ruled. *Baskins v. Wyld, 39 Ark., 351–2; Byrd v. Clendennin, 11 Ark., 572; Harrison v. Lamar, 33 id., 828; Applegate v. Lexington, 117 U. S., 269.* The repeated assertion of this court that a judgment of a court of competent jurisdiction can be impeached only on appeal or writ of error or in some direct proceeding taken to vacate it, precludes the idea that evidence outside of the record can be heard for that purpose. The case of *Cato v. Stewart, 28 Ark.*, is authority in point. That was an unsuccessful attempt to contradict the recital of a domestic judgment to the effect that the defendant had appeared by attorney. The fact of service here, however, is raised by presumption and not proved by recital. But the better opinion would seem to be, say the learned annotators of *Smith's Leading Cases*, "that the silence of the record will not make way for evidence that would not have been admissible if it had spoken," and they cite *Borden v. State* as authority to that point. *1 Smith's Leading Cases, (part 2, 8th ed.,) p. 1139.* "To say," continue the annotators, "that the record is void unless it contains an entry of the service of process, and yet hold that a false entry that process has been served will preclude inquiry or denial, would seem to be equally inconsistent with itself and with reason. Every entry of record derives its weight from the same source, and an entry of judgment should have at least equal authority with an entry of service."

Authority and reason sustain the position that the presumption of service which is raised by the record in this case is as conclusive as the recital of service, and cannot be contradicted by evidence *aliunde*. *Williams v. Bankhead, 19 Wall., 570;*

*Wilson v. Nance, 11 Humph., 189; Little v. Birdwell, 27 Tex., 692; Galpin v. Page, 18 Wall., 365; Reinig v. Hecht, 58 Wis., 212; Pratt v. Dow, 56 Me., 81; Wandling v. Straw, 25 W. Va., 699; Pope v. Harrison, 16 Lea, 82; Anderson v. Wilson, 100 Ind., 402; Hahn v. Kelly, 34 Cal., 402; Boardman v. Toffey, 117 U. S., 270; Turrell v. Warren, 25 Minn , 9; Coit v. Haven, 30 Conn., 198; Long v. Brenneman, 59 Tex., 212; Freeman on Judgments, secs. 131–2.*

Whatever may have been the design of the second section of the act of 1859 (as to which see *Coons v. Throckmorton, 25 Ark., 60*), which declares that a recital of notice in the record shall be evidence of the fact (*Mansf. Dig., sec. 5202*), it is only declaratory of the law as announced in *Borden v. State,* and works no change in the rule of evidence in this class of cases.

It follows that the decree foreclosing the Powell mortgage must be regarded as pronounced after service of process upon and appearance by the parties who are plaintiffs in the present suit, and we are to inquire what is the effect of the other objections urged against its validity.

3. SAME: Against infant without defense or proof. The court proceeded erroneously in that suit in pronouncing judgment without a defence from the guardian appointed for the purpose of protecting the interests of the infants, and without proof of the allegations of the bill. (*Pinchback v. Graves, 42 Ark., 222; Driver, admr., v. Evans, guardian, 47 id., 300*). But the misconstruction or even the disobedience of the plain provisions of the law in the exercise of jurisdiction once rightly acquired, does not make a nullity of the judgment of the Circuit Court. *Borden v. State, sup.; Howard v. State, 47 id., 431.*

The case of *Trapnall v. State Bank, 18 Ark., 53,* is in point. There a judgment was attacked upon the ground that the court had rendered judgment of recovery *in personam* against an infant without first appointing a guardian to defend for him. If no guardian was appointed of course there was no defence by guardian. The judgment was held to be voidable but not void.

See, too, note to *Mills v. Dennis, Ewell Leading Cases, p. 234 et seq.* Nor are cases lacking to the effect that to render judgment upon the consent of, or without proof against, an infant, is only an erroneous exercise of jurisdiction, and does not invalidate the judgment. *Ewell Lead. Cas., supra; Walsh v. Walsh, 116 Mass., 382.*

This brings us to the consideration of the effect of the second decree upon the defect in the description of the lands condemned to be sold by the first. Counsel for the appellees have made no point here against the validity of the first decree upon the ground of the misdescription, and we need only say that the description of the land in the mortgage as the mortgagor's " Contentment place, in Jefferson county," carried the 1335.17 acres embraced in that place, notwithstanding the more particular description was in part inaccurately made. *Montgomery and wife v. Johnson, 31 Ark., 74.*

The surveys mentioned as a more particular description of a part of the tract, in fact had no existence. They are described as situate in the township and range of the Contentment place, but no lands, it seems, could be certainly located by them. Every one concerned about the trial and sale believed that the lands described in the decree were those embraced in the Contentment place, although the decree did not follow the mortgage in naming the Contentment place *in haec verba.* They were the lands of the Contentment place or none at all. No one was lead into believing that they were other than the Contentment place—the mortgagor had so declared it in the mortgage. Counsel who consented to the decree must be taken as intending to foreclose the mortgage and the court as carrying out their design. The commissioner offered the Contentment place under the decree and Boyd purchased it, at the sale, but took a deed from the commissioner which followed the inaccurate description contained in the decree. His purchase was confirmed by the court and he was let into

possession under it.   The court in the subsequent proceeding instituted by Boyd against the parties who are plaintiffs in the present suit reformed the description.   This, according to the previous decisions of this court, it was competent for the court to do.   *Montgomery v. Johnson, 31 Ark., 74; Stewart v. Pettigrew, 28 Ark., 372; Livingston v. Cockran, 33 Ark., 294.*   Moreover, the court proceeded to quiet Boyd's title and to enjoin the plaintiffs to this suit from questioning it upon this very ground.   Even if it was error so to decree, it was incumbent upon the defendants to prosecute an appeal or institute their action to vacate the decree within the period prescribed by statute, if they desired to break its force.   No appeal was prosecuted, and when this suit was instituted all of the plaintiffs, except the infant, Hugh Roane, had passed the age of 21 years by more than óne year —the time fixed by statute within which an infant may show cause against a judgment adverse to his

INNOCENT PURCHASER:

Under erroneous decree.

interest.   *Mansf. Dig., sec. 5184.*   If both the decrees should be reversed upon the bill of review filed by the parties who are now adults, their right to the possession of the place and to the rents and profits would still be barred ; for it is the settled doctrine of this court that the reversal or vacation of a judgment for error, whether upon appeal or by bill of review, or otherwise, does not affect the rights of a stranger to the proceedings who purchases under the judgment while it is in force.   And this is true whether the judgment defendant is an infant or an adult when the judgment is rendered.   *Moore v. Woodall, 40 Ark., 42; Fishback v. Weaver, 34 Ark., 569; Estes v. Booth, 20 Ark., 583; Freeman on Judgments, sec. 484; Ewell's Lead. Cas., sup.; Bennett v. Hamill, 2 Sho. & Lefroy, 573.*   This disposes of the claim of the adults.

The remaining question relates to the rights of Hugh Roane alone.   He was a minor when the complaint in this cause was filed, and the aspect of the case as to him is, has he shown such a cause against the decrees as to warrant the court in vacating

them so as to divest the title acquired by Boyd? Boyd was the plaintiff in the proceeding which resulted in the second decree, and Hugh Roane's suit is a direct effort to vacate that decree. (See *sec. 3909 Mansf. Dig.*) But as to the first decree, Boyd is a stranger, and the attack upon it (except in so far as it may be dependent upon the second for its force and effect) is as purely collateral as an action of ejectment would be. *Moore v. Neel, 39 Ill., 260.* He cannot then, for reasons above set forth, interfere with Boyd's title acquired solely by virtue of that decree. But if the first decree is dependent for its validity upon the second, and the infant shows cause for vacating the latter, full relief may be accorded him. If, in other words, the first decree were a nullity as it is argued it is, the infant's rights would be injuriously affected by the second, and as Boyd's title would then rest upon the latter, it would fail with the vacation of the decree. But the first decree is valid and under it Boyd obtained his title, and the infant's only claim for vacating the second decree is for alleged errors in procedure. We are by no means sure that there is any reversible error in the proceedings. But admitting that there is, the statute provides that the complaint in a proceeding by an infant to vacate a judgment shall "set forth the grounds to vacate or modify it, *and the defence to the action*" (*Mansf. Dig., sec. 3911*), and enacts that "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defence to the action." *Id., sec. 3912.*

4. JUDGMENT: Against infant: Complaint to vacate.

The Supreme Court of Kentucky in construing a provision of the statute identical with that under which the infant here is proceeding, say the errors contemplated by the statute "are such as affect the substantial rights of the infants, and to obtain relief, they must show that actual injustice has been done them." *Richards v. Richards, 10 Bush., 617.*

No effort was made to show that injustice was done to the infant by either decree, or that any defence exists to either of

27

them.   No suggestion of fraud, accident or mistake has been made.   To set the second decree aside when there is no defence to either suit, would accomplish nothing, for the first decree which in fact divested the title would remain intact, and it would be incumbent upon the court to re-enter the second correcting the clerical misprision of the first.

We have not considered what rights, if any, the infant, Hugh Roane, may have as against the plaintiff in the Powell foreclosure.   He was made a party defendant to this proceeding but did not appeal.   As to the heirs and representatives of Boyd, the decree of the Jefferson Circuit Court in favor of the appellees must be reversed and their bill dismissed, and it is so ordered.