WILLIAMS v. BOGARD.

Opinions delivered February 6, 1922.

JUDGMENT—MISPRISION OF CLERK—VACATING AFTER TERM.—Misprisions of the clerk in entering judgments may be set aside, upon motion with notice, by the court in which the judgment or final order was rendered after the expiration of the term, under Crawford & Moses' Dig., §§ 6290-1.

Appeal from White Circuit Court; *J. M. Jackson*, Judge; reversed.

*Culbert L. Pearce*, for appellant.

The clerk committed error or misprision in entering personal judgment against appellant.   It is not responsive to the verdict, and subject to correction by appeal.   Sec. 6285 *et seq.*, C. & M. Digest.   A judgment must conform to the verdict, and where it does not, neither the clerk

nor the court has authority to make it otherwise. R. C. L. vol. 15, p. 43 and cases cited. 5 Ark. 375; 29 Ark. 597; 47 Ark. 126; 50 Ark. 96.

*G. G. McKay,* for appellee.

The effect of the jury's verdict was to render personal judgment against appellant. Judgment could only have been rendered against the plaintiff or the defendant, not against the garnishee or the bank. 99 Ark. 433; 101 Ark. 29; 101 Ark. 193; 117 Ark. 394.

If a misprison, appellant had a remedy under secs. 6285-91, C. & M. Digest, to have same corrected. 107 Ark. 415.

Procedure to correct misprision shall be by motion upon reasonable notice to adverse party. 34 Ark. 291. No such motion was filed or notice given.

HUMPHREYS, J. This suit was instituted by appellant against appellees in the chancery court of White County to prevent the enforcement of a personal judgment rendered against him on the 5th day of February, 1920, in the circuit court of said county, through the alleged misprision of the clerk of said court. It is alleged that, in a suit in the circuit court wherein appellant was plaintiff and appellee J. H. Bogard defendant and cross-complainant, and C. M. Erganbright garnishee, the jury returned a verdict in favor of defendant Bogard for $289, which the garnishee Erganbright owed Bogard, and which sum, being on deposit in the First National Bank of Judsonia, of which the garnishee was president, he tendered it into court for payment to the proper party; that, notwithstanding the verdict awarded the money in possession of the garnishee to J. H. Bogard, the clerk of the court, through mistake or misprision, entered a personal judgment for said amount against appellant J. M. Williams. A demurrer was filed by appellees to the complaint, which the chancery court treated as a motion to transfer to the law court, and thereupon transferred the cause to the circuit court, in which the verdict was returned and judgment enter-

ed, thereby necessarily holding that the allegations of the bill did not state a cause of action in equity, but were sufficient to obtain relief in the law court which entered the judgment.

Upon transfer of the cause the appellees demurred to the pleading upon the ground that it did not state facts sufficient to constitute a cause of action at law. Over the objection and exception of appellant, the court sustained the demurrer and dismissed the proceeding, from which is this appeal.

Appellant insists that the complaint stated a cause of action, and that the court erred in sustaining a demurrer thereto and dismissing it. The proceeding was in the court in which the verdict had been returned and judgment entered. It was in the nature of a motion after the expiration of the term to correct a judgment which did not conform to the verdict, occasioned by the mistake or misprision of the clerk in entering it. The language imports that the judgment entered was not rendered by the court. It is true, as suggested by appellees, that an appeal from the judgment had been granted and abandoned by appellant, but on appeal only errors of the court in rendering the judgment could have been corrected. Misprisions of the clerk in entering the judgment could not have been corrected on appeal without having first been presented to and acted upon by the trial court. Section 6288 of Crawford & Moses' Digest provides: "A misprision of the clerk shall not be a ground for an appeal until the same has been presented and acted upon in the circuit court." Misprisions of the clerk in entering judgments may be set aside, upon motion with notice, by the court in which the judgment of final order was rendered after the expiration of the term. Crawford & Moses' Digest §§ 6290-6291.

The complaint should have been treated by the court as a proceeding upon motion to correct the mistake or misprision of the clerk so as to conform the judgment to the verdict. The court therefore erred in sustaining

the demurrer and dismissing the complaint. The judgment is reversed and the cause remanded, with directions to overrule the demurrer to the complaint.