H. K. *Toney,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

BAKER, J. The appellant was convicted in the circuit court of Polk county in four different cases. In one he was sentenced to three years; in another, to seven; in another, to five years; and still in another, to two years. It was his contention that it was the order and judgment of the trial court that his several sentences should run concurrently, but the clerk, by mistake or misprision entered some of the judgments upon the record to run consecutively. Thereafter, when appellant had served his longest term he filed a petition in the Polk circuit court praying that the mistake or misprision of the clerk be corrected. Upon a hearing in the circuit court it was found that the said judgments had been entered erroneously, and the court corrected the orders by directing that the judgments run concurrently.

Thereafter, on the second day of July, 1940, the appellant still being in custody, sued out a writ of *habeas corpus,* alleging the foregoing facts, and that his terms and sentences had expired, and that he was being unlawfully held by the prison superintendent. The Attorney

General demurred. The court sustained the demurrer and dismissed the petition.

The authority relied upon, according to the Attorney General's brief, for the court's action was found in the case of *Emerson* v. *Boyles,* 170 Ark. 621, 280 S. W. 1005, 44 A. L. R. 1193. That was a case in which defendant pleaded guilty to a felony, was sentenced and served part of his term.

During the same term of court the sentence was set aside, and an order was made continuing the case. It was held in that case that after sentence, even though at the same term of court, the court was without power to set aside the judgment and sentence for the reason that if the defendant were again convicted, his second conviction would violate that provision of the constitution providing against being twice put in jeopardy for the same offense. Art. II, § 8, Constitution of 1874. It was directly held that after sentence and confinement under commitment, the court lost jurisdiction over the case and could not even at the same term set aside the original sentence and postpone pronouncement to another time. The matter was given most careful consideration as will appear from the opinion and from the dissent. Since there is so little grain saved in "threshing over old straw" we concede the full force of what the court held under the given facts. The virtue and force of the opinion is spent, however, when the instant case is viewed in the light of the stated and admitted facts, not to go further and give full faith and credit to the order of the Polk circuit court directing the correction of a mistake or misprision of the clerk in entering orders made by the court. There must be some virtue in § 8246, Pope's Digest. Dozens of cases have been filed and the provisions of this statute have been invoked successfully by litigants. The only condition precedent to consideration is to bring one's self within the purview of the law or statutory provisions.

It is true there is no jurisdiction to violate a constitutional inhibition, such as double jeopardy. It is not denied appellant has properly proceeded unless the

courts be powerless to correct an admitted error of the clerk, as distinguished from an error of the court properly reached only by appeal. *Ingram* v. *Raiford,* 174 Ark. 1127, 298 S. W. 507; *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704.

The third subdivision of § 8246 is: "For misprision of the clerk." That is the substantive matter alleged in the appellant's petition. Such petition invoked jurisdiction when filed. Necessarily, the court had a right to act. This conclusion is warranted by a decision upon the very point in *Williams* v. *Bogard,* 151 Ark. 611, 237 S. W. 96. It was held in that case: "Misprision of the clerk in entering judgment may be set aside, upon motion with notice, by the court in which judgment or final order was rendered after expiration of term."

To a like effect is the decision in the case of *Partridge* v. *Boon,* 182 Ark. 641, 32 S. W. 2d 321.

There is quite a distinction in making correction of a record which by reason of misprision recites matter as done by the court which did not occur, and in making some change in an order or judgment actually made by the court. So it will appear the decision of *Fletcher* v. *State,* 198 Ark. 376, 128 S. W. 2d 997, has no application under the facts admitted by the demurrer and judicially determined by order of the circuit court.

It was held such order might not be attacked collaterally. *King* v. *Clay,* 34 Ark. 291. From the rule announced, our courts have not varied. For the error indicated, the judgment is reversed with directions to overrule the demurrer, and for all other proper proceedings.

4190                                         143 S. W. 2d 573

Opinion delivered October 14, 1940.