PRICE v. GUNN.

Opinion delivered October 26, 1914.

1. TAX SALES—FORECLOSURE OF LIEN—RECITALS IN DECREE—PRESUMPTION —COLLATERAL ATTACK.—In a decree ordering the sale of land in an action foreclosing a tax lien, the recital of facts necessary to the court's jurisdiction are conclusive upon a collateral attack.

2. JUDGMENTS—JURISDICTION—COLLATERAL ATTACK.—In a collateral attack upon the judgment of a chancery court, every presumption will be indulged in favor of the jurisdiction of the court and the

validity of its judgment, unless it affirmatively appear from the record itself that the facts essential to jurisdiction do not exist.

3. JUDGMENTS—VALIDITY—CONSTRUCTIVE SERVICE.—A judgment or decree entered upon constructive service by publication will be given the same conclusive effect and is entitled to the same favorable presumptions as judgments on personal service.

4. JUDGMENTS—COLLATERAL ATTACK—JURISDICTION—NOTICE BY PUBLICATION—AFFIDAVITS.—In an action attacking a decree collaterally for want of jurisdiction, the affidavit in proof of the publication of the notice of the pendency of the suit, is not a part of the record, from which can be shown a want of jurisdiction in the court rendering the decree.

5. TAXES—FAILURE TO PAY—FORFEITURE.—Neglect on the part of friends of a land owner whom he commissioned to pay his taxes, will not relieve the land owner against his own failure to pay, when there was nothing to prevent his doing it himself.

Appeal from Clay Chancery Court, Eastern District; *Charles D. Frierson,* Chancellor; reversed.

STATEMENT BY THE COURT.

O. G. Price brought this suit to recover possession of two lots in the town of Rector, claimed by virtue of a commissioner's sale under a judgment for the collection of delinquent taxes in Drainage District No. 1 in Clay County. The defendant filed an answer and cross-complaint admitting the sale by the commissioner and that the land had thereafter been conveyed to appellant as alleged, but denied his ownership and title. He alleged that he was the owner of the lands and deraigned his title thereto and that the commissioner's sale and deed under which plaintiff claimed title were void because in proper time he had attempted to pay the drainage tax on the lots in the year 1909, making application therefor to the collector, and failed to do so because of the collector's mistake, and because the notice of the pendency of the suit was insufficient, not having been published the number of times required by law, and asked that the commissioner's deed to E. C. Price and Price's deed to plaintiff be cancelled as clouds upon his title. The cause was transferred to equity and the court rendered a decree dismissing it for want of equity and

cancelling the commissioner's deed conveying the land to E. C. Price, and his deed to appellant, as clouds upon the title.

*Appellant, pro se.*

1. It is not the policy of the law to relieve one from the consequences of his own negligence and carelessness. It was appellee's duty in paying his taxes to see that his lands were properly described.

2. Where lands are sold under a decree which recites that public notice was given as required by the statute, such recital is conclusive in a collateral proceeding. 57 Ark. 49; 61 Ark. 464; 66 Ark. 1; 68 Ark. 211; 74 Ark. 253; 94 Ark. 588.

*R. H. Dudley,* for appellees.

1. Appellee intended, and in good faith offered to pay the taxes on all his lands, including the lots in controversy, sending to the collector a correct list and description of his real estate for that purpose. The facts bring this case within the rule heretofore laid down by this court. 70 Ark. 500; 92 Ark. 630.

2. The court had no jurisdiction to render the decree. When the action was instituted, no legal notice of the pendency of the action was ever given. The law prescribes the publication of the notice for four weeks before any decree can be rendered. Act 111, Acts 1907, § 7; Black on Judgments, 218.

KIRBY, J., (after stating the facts). It is contended that the decree of foreclosure of the lien and the sale thereunder, of the land for delinquent taxes, are void because an affidavit in proof of the publication of the notice of the pendency of the suit shows it was published twice only instead of four times, as the law requires, and because of appellant's attempt to pay the taxes in proper time and failure to do so by reason of the collector's mistake. The decree in the foreclosure proceeding recites: "Upon call of this cause it appearing that all persons and corporations having or claiming interest in any of the lands hereinafter described have been fully and con-

structively summoned as required by law, and that said interested persons and corporations come not but make default.'' The commissioner's sale for the collection of delinquent taxes in the drainage district under which appellant claims title, was made under Act 111 of the Acts of 1907, section 7 of which provides: "Notice of the pendency of such suit * * * (for the foreclosure of the lien) shall be given by publication weekly for four weeks prior to the day of the term of court on which final judgment may be entered for the sale of the land, in some newspaper published in the county where such suit may be pending.''

(1) The court acquired jurisdiction under the law for enforcing the payment of the delinquent levee taxes by foreclosure of the lien upon the publication of the notice of the pendency of the suit as provided in said act, and its decree recites that all parties interested in the lands described and proceeded against "have been duly and constructively summoned as required by law.'' This was a fact necessary to be found by the court in order to establish its jurisdiction and its finding and the recital of the decree that all parties "have been duly and constructively summoned as required by law" is conclusive of the fact upon a collateral attack. *McLain* v. *Duncan,* 57 Ark. 49; *McConnell* v. *Day,* 61 Ark. 464; *Porter* v. *Dooley,* 66 Ark. 1; *Porter* v. *Tallman,* 68 Ark. 211; *Palmer* v. *Ozark Land Co.,* 74 Ark. 253; *Pattison* v. *Smith,* 94 Ark. 588.

Appellee attempts to show in this an entirely different proceeding, that the judgment of the court condemning the lands to sale for payment of the delinquent taxes was without jurisdiction for failure to give notice of the pendency of the suit by publication as the law requires, notwithstanding the recitals of the decree that such notice had been duly given, by introducing what purported to be an affidavit in proof of the publication of such notice, showing only that it was published two times instead of four, as the statute provides.

(2-3)   The decree attacked makes no mention of this affidavit or proof of publication of notice, and its recitals relative to the publication are conclusive and can not be impeached in this proceeding. This is but a collateral attack upon a judgment of a domestic court of general jurisdiction and "it is well settled that every presumption will be indulged in favor of the jurisdiction of such court and the validity of the judgment which it enters and, unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of such court do not exist, such collateral attack against the judgment rendered by it will not prevail. A judgment or decree entered upon constructive service by publication will be given the same conclusive effect and is entitled to the same favorable presumptions as judgments on personal service." *Crittenden Lbr. Co.* v. *Mc-Dougal,* 101 Ark. 395.

(4)   It is true that a judgment may be attacked collaterally where "by the record it is shown that there was want of jurisdiction by the court rendering it, either of the subject matter or of the person of the defendant." The affidavit in proof of the publication of the notice of pendency of the suit is not a part of the record, however, from which it can be shown that there was want of jurisdiction by the court rendering the decree, no mention or recital of such proof of publication being found therein. Another affidavit or other proof of the publication than the one presented here could have been filed in the other case and it is conclusively presumed, as against this collateral attack, that the notice was published and that all persons interested were, as the decree recites, "duly and constructively summoned as required by law."

(5)   The evidence is not sufficient to show such an attempt to pay the taxes levied against the property as would prevent a forfeiture, or its being returned delinquent and sold for the failure to pay. Appellee Gunn testified that he lived in Rector and, desiring not to go to Piggott for the purpose of paying his taxes, asked C. A.

Cargill, the county treasurer, to see the collector and have him to make out the receipt for his taxes and send it to the Bank of Rector for collection. That he mailed him a list containing the numbers of his property and the tax receipt came to the Bank of Rector and he paid it and did not examine it, nor know that the lots in controversy were not included in the receipt, till this suit was brought. He produced a slip of paper containing the correct numbers of these lots, with others, and said it was pinned to the tax receipt when he paid the money and got it from the bank. Cargill testified that a list was mailed to him that looked like the one produced, but he couldn't say if it was, and that he turned it over to the collector with directions to issue the receipt and mail it to the Bank of Rector for collection. The collector did not testify. There was nothing to prevent appellee from examining his tax receipt to ascertain if it contained all his lands, and the negligence or carelessness of others who were accomodating him in the matter will not relieve against his own in failing to do so.

It follows that the chancellor erred in dismissing the complaint and cancelling appellant's deeds and the decree is reversed and the cause remanded with direction to enter a decree awarding the possssion of the lands described to appellant.