ROAD IMPROVEMENT DISTRICT No. 4 v. BALL.

Opinion delivered February 22, 1926.

1. JUDGMENTS—PRESUMPTION ON COLLATERAL ATTACK.—In a collateral attack upon a judgment of a court of superior jurisdiction every presumption must be indulged in favor of the jurisdiction of the court, unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of the court did not exist.

2. JUDGMENTS—COLLATERAL ATTACK.—Objection to the jurisdiction of a court of superior jurisdiction which does not appear on the face of the record is not available in a collateral attack, but only on appeal.

3. VENUE—TRANSITORY ACTION.—In the case of a transitory cause of action, a suit may be maintained in any court of general jurisdiction which could acquire jurisdiction of the persons of the litigants, either by valid service of process or by voluntary appearance of the parties.

4. VENUE—SUIT AGAINST DOMESTIC·CORPORATION.—While a domestic corporation is properly suable in the county of its residence (Crawford & Moses' Dig., § 1171), yet in a transitory action a voluntary appearance of the corporation in an action pending in a county other than that of its domicile constitutes a waiver and confers jurisdiction of the court over its person.

5. VENUE—TRANSITORY ACTION.—A suit against a road improvement district for the recovery of money is a transitory action, though it can be enforced only by taxes levied on the land.

6.  HIGHWAYS—IMPROVEMENT DISTRICT—COLLATERAL ATTACK ON AS-
    SESSMENT.—The statutory method of testing assessments in high-
    way improvement districts by direct attack (Crawford & Moses'
    Dig., § 5421 *et seq.*) is conclusive, and no question can be raised
    on a collateral attack as to whether a particular assessment is
    excessive.

7.  HIGHWAYS—LIMITATION ON BOND ISSUE—IMPLIED REPEAL.—Act
    303, Sp. Sess. 1920, by approving plans previously adopted by a
    road improvement district and directing the commissioners to
    carry out such plans, impliedly repealed a limitation in the gen-
    eral statute (Crawford & Moses' Dig., § 5399 *et seq.*) limiting the
    amount of bonds which might be issued, so far as the limitation
    applied to this particular district.

Appeal from Saline Chancery Court; *W. R. Duffie,*
Chancellor; reversed.

*W. C. Adamson, Brouse & McDaniel, John D.
Shackleford* and *Carmichael & Hendricks,* for appellant.

*Mehaffy & Mehaffy,* for appellee.

McCulloch, C. J.   Appellant is a road improvement
district in Saline County, organized under general stat-
utes of the State (Crawford & Moses' Digest, § 5399 *et
seq.*), and appellees are owners of real property in the
district.   This action was instituted by appellees in the
chancery court of Saline County, to restrain the com-
missioners of the district from making additional levies
of taxes upon the assessed benefits.   The trial court
granted the relief prayed for in part, and an appeal has
been prosecuted to this court.

The district was created prior to the year 1920, and
plans were formed for the construction of the improve-
ment.   The statute under which the district was created
(Crawford & Moses' Digest, § 5442) provides, in sub-
stance, that the commissioners shall not enter into a
contract imposing a liability in excess of thirty per cen-
tum of the total assessed value of real property in the
district.   The cost of the improvement exceeded that
statutory limitation, but the Legislature, at the extraor-
dinary session in 1920 (act No. 303, session of 1920)
enacted a special statute validating all irregularities in

the organization of this district, and containing a section which reads as follows:

"Section 3. The plans for the improvement heretofore made and approved by said board are hereby ratified and approved, subject to the right granted by said act 388 of a revision of said plans; and the said commissioners are directed to carry out said plans as they now stand, or as they may be revised by the board, and to file copies of said plans with the State Highway Department and with the county clerk of Saline County, and, in order to carry out the work of improvement, the said commissioners are authorized to borrow in a sum not exceeding $50,000 and to issue therefor negotiable bonds of the district, payable at such times and place as the board may determine, bearing interest at a rate not exceeding six per cent. per annum, and to secure the payment of said bonds by a pledge and mortgage of the assessed benefits of the district and all of its revenue."

There was an assessment of benefits made in accordance with the statute, and those assessments amounted in the aggregate to about $85,000. The commissioners then awarded a contract to J. P. Kerby to construct the improvement. The precise amount of the cost of the improvement is not shown in this record, but after the completion of the work a decree was rendered in the chancery court of Pulaski County in favor of Kerby against the road district for the recovery of about $16,000 (principal and interest) for balance due him on his contract. The district had already issued bonds for $50,000, and spent the money, and it is inferable from the record in this case that the $16,000 decreed to Kerby constituted the cost of the improvement in addition to the $50,000 spent from the sale of bonds. After the rendition of this decree, the commissioners proceeded in accordance with the statute and procured from the county court an order levying additional taxes upon the assessment of benefits. The necessity for levying the additional taxes arose by reason of the liability of the district to Kerby

under the Pulaski Chancery Court decree, and the levy was made pursuant to a section of the statute which reads as follows:

"Section 5434. If the tax first levied shall prove insufficient to complete the improvement, the board shall report the amount of deficiency to the county court, and the county court thereupon shall make another levy on the property previously assessed for a sum sufficient to complete the improvement, which shall be collected in the same manner as the first levy; provided, that when any work has been done under the provisions of this act, and the first levy so made by the county court is insufficient to complete the work, it shall then be the duty of the county court to make such levy for its completion from year to year until it is completed; provided, however, that the total levy shall in no case exceed the value of the benefits assessed on said property. Any board of commissioners or persons interested may enforce the performance of such duties by mandamus."

The additional levy of taxes, together with the original levy, does not exceed the assessed benefits.

On final hearing of the cause, the chancery court declared the effect of the special statute, *supra,* to be a limitation of $50,000, the amount of the authorized bond issue, upon the total liability of the district for the cost of the improvement, exclusive of interest, and rendered a decree restraining the commissioners from enforcing the additional levy to discharge the decree in favor of Kerby.

The question of jurisdiction of the Pulaski Chancery Court to render the decree in favor of Kerby against appellant is raised, and counsel on both sides debate that question as the principal issue in the case. Appellees attack the decree on the ground that it is void for want of jurisdiction of the court. There is nothing in this record pertaining to the proceedings in the Pulaski Chancery Court except the decree itself, but it appears from that decree that there were several consolidated

suits involved—one by W. G. Smith against Kerby, one by W. C. Adamson against Kerby, and one by Kerby against the appellant and the commissioners of the district. The decree recites the appearance of all the parties by attorneys, including appellant Road Improvement District No. 4 of Saline County, and there was a finding by the court in favor of Kerby against appellant for the recovery of $14,353.05, with interest from a certain date to the date of the decree. The court also decreed in favor of Smith against Kerby for $2,529.28 and in favor of Adamson for $365, and the commissioners were directed to issue certificates of indebtedness to those parties for the amount of their several recoveries against Kerby, the same to be deducted from the decree in Kerby's favor, and also to issue certificates of indebtedness to Kerby for the remainder.

The present attack upon the validity of the decree of the Pulaski Chancery Court is a collateral one, and the law is well settled that in a collateral attack upon a judgment of a court of superior jurisdiction every presumption must be indulged in favor of the jurisdiction of the court, unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of the court did not exist. *Boyd* v. *Roane,* 49 Ark. 397; *McConnell* v. *Day,* 61 Ark. 464; *Clay* v. *Bilby,* 72 Ark. 101; *Jones* v. *Ainell,* 123 Ark. 532; *Lashbrook* v. *Tri-County Highway Imp. Dist.,* 152 Ark. 461. In the application of this principle, it is necessary for us to examine the character of the former litigation in order to determine whether or not a lack of jurisdiction appears upon the face of the decree. It appears from that record that the suit was one for the recovery of money, and that all of the parties appeared in court by their respective counsel. In other words, the decree is regular on its face for the recovery of money, and shows jurisdiction of the court over the subject-matter and of the parties. If there was any objection made to the jurisdiction of the court over the parties, it does not appear from the face of the record. But, even if there

had been such objection, it is not available in a collateral attack, for it was the duty of the objecting party to appeal from the adverse decree. *Ederheimer* v. *Carson Dry Goods Co.,* 105 Ark. 488; *Lashbrook* v. *Tri-County Highway Imp. Dist., supra; Tri-County Highway Imp. Dist.* v. *Vincennes Bridge Co. ante* p. 22; *Howard-Sevier Rd. Imp. Dist.* v. *Hunt,* 166 Ark. 62. Of course, if the court had no jurisdiction over the subject-matter of the litigation, it necessarily appears upon the face of the judgment, and is fatal to the validity of its decree. There is, however, no lack of jurisdiction as to the subject-matter of the action, which is one to recover money. The cause of action was transitory, and the action could be maintained in any court of general jurisdiction which could acquire jurisdiction of the persons of the litigants, either by valid service of process or by voluntary appearance of the parties. The statute under which the district was created declares that a district organized thereunder "shall become a body politic and corporate by said name, and may sue and be sued, plead and be impleaded." Appellant district is therefore to be treated the same as any other domestic corporation, and can sue and be sued under the regulations provided in the general statutes. A suit against a domestic corporation must be brought in the county of its residence ('Crawford & Moses' Digest, § 1171), but in a transitory action a voluntary appearance of the corporation in an action pending in a county other than that of its domicile, constitutes a waiver, and confers jurisdiction of the court over its person. Learned counsel for appellees rely upon our decision in *Beal-Doyle Dry Goods Co.* v. *Odd Fellows Bldg. Co.,* 109 Ark. 77, but in that case the attack on the correctness of the judgment was not collateral, but was a direct one on appeal, and there was no waiver until the case was brought up here by appeal. Appellant, as defendant in the action, sued outside of the county of its domicile, moved to quash the service, and we held on appeal that the court erred in refusing to quash the service, but we held further that the appeal

operated as an appearance, and that on remand of the case the court had jurisdiction to proceed with the adjudication of the merits of the controversy.

Now, it is further argued by counsel for appellees that the decree of the Pulaski Chancery Court indirectly created a lien on lands in Saline County, and that for that reason the venue was in the county where the lands are situated. We cannot agree with this argument, for the suit was not one to declare or enforce a lien on real estate, but was one merely for the recovery of money. The fact that the decree could only be enforced by taxes levied upon the land in the district did not make it a suit to impose or to enforce liens upon land. The statute itself provides how the taxes in road districts shall be levied and collected, and this method must be pursued, regardless of the evidence of the obligation of the district or the manner in which those liabilities are established. Merely rendering a judgment against a district for the recovery of money does not involve, either directly or indirectly, the method of enforcing the liens to raise funds to pay the judgment. It is true that the Pulaski Chancery Court in its decree directed the commissioners of the district to take necessary steps to collect the assessments. A discussion of that part of the decree is entirely unnecessary in the disposal of the present case, for it appears from the record that the additional levies were made in accordance with the terms of the statute by order of the county court of Saline County, and the direction of the Pulaski County Court to the commissioners has no bearing upon the validity of the additional levy. The authority to enforce the annual installments of taxes is plainly conferred by the statute, and the validity of that statutory provision has been settled by former decisions of this court. *Griffin* v. *Little Red River Levee Dist.,* 157 Ark. 590; *Arkansas-Louisiana Highway Imp. Dist.* v. *Pickens,* 169 Ark. 603.

The conclusion reached is that this collateral attack upon the validity of the decree of the Pulaski Chancery

Court cannot be sustained.   That being true, the decree is a conclusive adjudication of the liability of the district to Kerby, and all parties are bound to that extent and no further.

Appellees attempted to impeach the validity of the assessments of benefits by introducing the testimony of witnesses to prove that the assessments were excessive. The statute (Crawford & Moses' Digest, § 5421 *et seq.*) provides a plan and mode for the assessment of benefits and the adjustment thereof, giving landowners notice and affording an opportunity for contesting the assessments, and the statutory method is conclusive.   The time for testing the assessments has been allowed to pass without prosecuting an appeal in accordance with the provisions of the statute, hence the present attack on the correctness of the assessments is a collateral one, and is unavailable.   *Chapman & Dewey Lbr. Co.* v. *Osceola & Little River Road Imp. Dist.,* 127 Ark. 318; *House* v. *Road Imp. Dist.,* 158 Ark. 330.   The special statute of 1920, *supra,* approved the plan for the improvement, and directed the commissioners to carry out these plans. This necessarily implied the authority to levy a tax upon benefits sufficient to pay the cost of the improvement and operated as a repeal of the inconsistent limitation in the general statutes, so far as it applied to this particular district.   *Farelly Lake Levee District* v. *Hudson,* 169 Ark. 33. The chancery court decided that the special statute removed the limitations expressed in the general statute, but that it declared a new limitation upon the cost of the improvement to the amount of the authorized bond issue.   In this, we think, the court erred, for there was a specific direction to the commissioners, as we have already seen, to construct the improvement according to plans, and the express authority to issue bonds did not operate as a limitation of the authority to construct the improvement.   *Altheimer* v. *Plum Bayou Levee Dist.,* 79 Ark. 229.

The decree of the chancery court was erroneous, and the same is therefore reversed, and the cause remanded with directions to dismiss the complaint of appellees for want of equity.

WOOD and HART, JJ., dissent.