Giese v. Jones.

Opinion delivered April 4, 1932.

E. L. Carter and S. J. Reid, for appellant.

Isaac McClellan and Wm. J. McClellan, for appellee.

Smith, J. Appellant alleged in his complaint that he was the owner of certain lands, therein described, which were in Road Improvement Districts Nos. 1, 2 and 7 in Grant County, Arkansas, respectively, and that he acquired his title through a foreclosure sale of a mortgage duly assigned to him, which had been executed by Benton B. Moore. He alleged that these lands had been sold to the respective districts for the nonpayment of the road improvement district taxes due and delinquent thereon for the year 1925, and that, after the sale thereof to the respective districts, they were sold by the districts to W. K. Jones, who was the business partner of Moore, and that such purchases were in legal effect mere redemp-

tions. Testimony was offered as to the business relations of Jones and Moore, but we find it unnecessary to determine whether Jones purchased the lands from the districts for the benefit of Moore.

Plaintiff alleged that these tax sales were void for various reasons, and, among others, that the decrees of sale were rendered upon insufficient notice; were defective in character; that no jurisdiction was conferred upon the court to render the decrees of sale, and the sales were therefore alleged to be void. Plaintiff made a tender of the amount paid for the lands by Jones, the same being the amount for which the lands had been sold by the commissioner of the court to the respective improvement districts.

The decrees of sale under which the lands were sold to the districts were rendered November 14, 1925, but by reason of certain statutes extending the period of redemption, no deeds were made by the commissioner to the improvement districts until 1930, and soon thereafter the districts executed the deeds to Jones here attached.

Plaintiff alleged that the decrees pursuant to which these deeds had been made were void for the reasons hereinafter discussed, and he prayed their cancellation, and that he be permitted to redeem said lands. The court denied the relief prayed and dismissed the complaint as being without equity, from which decree is this appeal.

Road Improvement District No. 1 was created by special act 48 of the Acts of 1915 (Acts 1915, page 136). Districts Nos. 2 and 7 were organized under the provisions of act 338 of the Acts of 1915 (Acts 1915, page 1400), which appear as § 5399 *et seq.*, Crawford & Moses' Digest.

Section 16 of special act 48, creating District No. 1, provides the procedure for enforcing the payment of delinquent assessments of benefits. It directs the board of commissioners to enforce such payment by chancery proceedings, and requires that they give notice of the suit filed for that purpose by the publication of a notice of the pendency of such suit ''by publication weekly for

four weeks before judgment is entered for the sale of" delinquent lands, etc., in some newspaper published in Grant County. This section also contains the form of the notice so to be published, and there provides that: "All persons and corporations interested in said lands are hereby notified that they are required by law to appear within four weeks and make defense to this suit, or the same will be taken for confessed, and final judgment will be entered directing the sale of said lands * * *."

Act 338, under which Districts Nos. 2 and 7 were created, provides a procedure similar, in the essential respects hereinafter discussed, for the collection of delinquent assessments of betterments in these districts, except that the notice of the suit is to "be given by publication weekly for two consecutive weeks before judgment is entered for the sale of said lands in some newspaper in said county having a general circulation therein." Act 338 contains a form of notice in practically the identical language employed in act 48, and recites, as does the last-named act, that: "All persons, firms or corporations interested in said property are hereby notified that they are required by law to appear within four weeks and make defense to said suits or the same will be taken for confessed, and final judgment will be entered directing the sale of said lands for the purpose of collecting said taxes, * * *."

It thus appears that both acts require that notice for four weeks be given landowners of the pendency of the suit by the publication of the notice of delinquency.

The decree of sale under which the delinquent lands in District No. 1 were sold recites that notice of the pendency of the suit was given by publication as follows: "The first publication thereof was made on the 22d day of October, 1925, the second on the 29th day of October, 1925, the third on the 5th day of November, 1925, and the last on the 12th day of November, 1925."

In the decree rendered in the suit brought by the commissioners of District No. 2 it is recited that the

notice was published on October 22, 1925, on November 5, 1925, and on November 12, 1925.

In the decree rendered in the suit brought by the commissioners of District No. 7 it is recited that the notice was published October 22, 1925, October 29, 1925, November 5, 1925, and on November 12, 1925.

It thus appears, from the face of each of these decrees, that the four weeks' notice required by law had not been given in any case when the decree of sale was rendered. *Pope* v. *City of Nashville,* 131 Ark. 429, 199 S. W. 101.

It is true, of course, that the instant case is a collateral attack on these decrees of sale, and it is insisted that these decrees of a superior court of record cannot be thus collaterally attacked.

We are cited to numerous cases in which it has been held that, after the confirmation of a sale has been made by the court ordering the sale, all defects and irregularities in the conduct of the sale are cured, and every presumption will be indulged in favor of their regularity.

Among the numerous cases to this effect is that of *Fiddyment* v. *Bateman,* 97 Ark. 76, 133 S. W. 192, where it was held (to quote a headnote) : ''Where an overdue tax decree recited that due notice was given by publication of warning order as required by law, it will be presumed on collateral attack that due notice was given, though the proof of the warning order was defective in failing to show that the newspaper in which the publication was made had a *bona fide* circulation in the county and had been regularly published therein for one month before the date of the first publication of the warning order, and was also defective in failing to show the date of the second insertion of the warning order.''

There was offered in evidence in that case an affidavit of the proof of publication of the warning order, pursuant to which the decree had been rendered, according to the recitals of which the notice given did not conform to the requirements of the law under which the proceeding was had. It was there said: ''No statute forbids

the introduction of parol testimony to prove the publication of notice in cases of this kind, and the decree recites: 'And it further appearing to the satisfaction of this court that the clerk of this court caused the said order to be published as required by law, and did give the notice required by law, and that the proof of which notice, verified and proved as required by law, was filed,' etc. Such recital that notice has been given is evidence of that fact. Section 4425, Kirby's Digest. And, as the court said in *Clay* v. *Bilby,* 72 Ark. 408, 78 S. W. 749, 1 Ann. Cas. 917: 'If the decree or judgment does not exclude the conclusion, the presumption is that sufficient and competent evidence was before the court to sustain its findings as to the publication of notice. *McLain* v. *Duncan,* 57 Ark. 49, 53, 20 S. W. 597; *Scott* v. *Pleasants,* 21 Ark. 364; *Porter* v. *Dooley,* 66 Ark. 1, 49 S. W. 1083; 1 Bailey, Jurisdiction, § 1728, and cases cited.' The law only required a copy of said order to be published for two insertions, and a like omission in an affidavit in a case of this kind except as to date of second insertion has been held to be a mere irregularity which did not affect the jurisdiction of the court or the validity of the decree. The omission in this affidavit could not amount to more than an irregularity, within the meaning of the decision in *Clay* v. *Bilby, supra,* and cases cited.''

But it is to be remembered that, while the sales were confirmed by the court in the instant case, they were made pursuant to a special statutory power prescribing the conditions upon which the decrees of sale might be rendered, and the decrees do not recite merely that proper notice of the proceedings had been given. On the contrary, the decrees affirmatively recite the notice which was given in each case, and it appears, from the face of each decree, that the notice required by law was not given. There is therefore no presumption that legal notice was given, because the decrees themselves exclude that presumption.

In the case of *Crittenden Lbr. Co.* v. *McDougal,* 101 Ark. 395, 142 S. W. 836, it was said: ''This is a collateral attack upon a domestic judgment of a court of general

jurisdiction. It is well settled that every presumption will be indulged in favor of the jurisdiction of such court, and the validity of the judgment which it enters. Unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of such court did not exist, such collateral attack against the judgment rendered by it will not prevail. A judgment or decree entered upon constructive service by publication will be given the same conclusive effect and will be entitled to the same favorable presumptions as judgments on personal service. It is true that a judgment may be attacked collaterally where, by the record, it is shown that there was want of jurisdiction in the court rendering it, either of the subject-matter or of the person of the defendant.''

In the instant case, as we have said, it is shown by the record of the decrees themselves that there was a want of jurisdiction of the court rendering them, and they may therefore, as was held in the case last cited, be collaterally attacked. *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704; *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158; *Oliver* v. *Routh,* 123 Ark. 189, 184 S. W. 843; *Jones* v. *Ainell,* 123 Ark. 532, 186 S. W. 65; *Simpson* v. *Reinman,* 146 Ark. 417, 227 S. W. 15; *Road Imp. Dist. No. 4* v. *Ball,* 170 Ark. 522, 281 S. W. 5

Inasmuch as the decrees here attacked show, upon their face, that they were rendered without giving the notice required by law, they are subject to collateral attack, and were void as having been rendered upon an improper notice. The decree of the court below will therefore be reversed, and a decree will be entered permitting appellant to redeem the lands as prayed.