UNION INVESTMENT COMPANY v. HUNT.

4-2993

Opinion delivered May 1, 1933.

*George C. Lewis,* for appellant.

*M. F. Elms* and *W. A. Leach,* for appellee.

McHANEY, J. Appellee is the owner of the southeast quarter of section 10, township 2 south, range 5 west, Arkansas County, which is included in Big Island Drainage District No. 8. The district was organized under the general drainage district laws known as the alternative drainage district system. M. Beck formerly owned the land above described, but, after his death, which oc-

curred prior to January 1, 1918, his heirs conveyed same to appellee on January 20, 1920, and the latter has been in the actual possession thereof since that time, cultivating it as a rice farm. The 1920 drainage district taxes on this and other lands were not paid and were returned delinquent. Thereafter, on December 4, 1925, said district brought suit in the chancery court to foreclose its lien against the delinquent lands, including the lands in controversy, correctly describing them in the complaint. Notice of the pendency of the suit was given by publication in a newspaper, and on January 5, 1926, decree was returned condemning· the land to be sold for the taxes, penalty and cost against it, and thereafter same was sold to the district, the sale confirmed, and a certificate of purchase issued to the district. This certificate was later assigned to appellant, and on April 15, 1931, on the surrender of the certificate to the commissioner in chancery, a deed was executed and delivered to appellant and approved by the court. After appellee's purchase of said land he paid all the drainage taxes accruing against it for 1921 and subsequent years. It is agreed that the 1920 tax, the one for which the sale was made, amounting to $27.40, was not paid, and that there has been no redemption from the commissioner's sale unless the later payments made by appellee and accepted by the district may be held to be a redemption. In the decree condemning said land to sale for the delinquent taxes for the year 1920, this finding is made: "That due and proper service has been had upon all of the owners of the said lands and real estate hereinafter described by means and reason of the publication of a notice of the pendency and purpose of said suit as is required by law, which notice was published for four consecutive weekly issues in the *Stuttgart Arkansawyer,* a newspaper of *bona fide* circulation in the northern district of Arkansas County, therein describing said lands and real estate," etc. Said decree then continues: "Whereupon said cause is submitted to the court upon plaintiff's complaint, the proof of publication of the notice aforesaid," etc.

Appellee brought this action to cancel and set aside the sale of said land for taxes and the deed issued to

appellant by the commissioner making the sale. On a trial of the case on an agreed statement of facts the court found for appellee and entered a decree canceling and setting aside its former decree condemning the above-de-scribed land for sale, canceling and holding for naught said sale, and canceling the deed issued to appellant. A lien was declared upon said land in favor of appellant in the sum of $27.40.

In the agreed statement of facts is the following: "It is agreed that the notice attached to the complaint as Exhibit C is a correct copy of a notice appearing in the files of said cause. It is likewise agreed that the record shows that a proof of publication was filed in said cause, and that the copy of proof of publication attached to plaintiff's amended complaint as Exhibit C-2 is a correct copy of the same. It is also agreed that the list of lands named in said proof of publication is the same as that contained in the notice aforesaid, and that the lands here involved are not mentioned nor described in either said notice or said proof of publication."

Several interesting questions are discussed by able counsel for both parties. We find it unnecessary to discuss but one of them. It is undisputed that the notice published in the *Stuttgart Arkansawyer,* proof of publication of which was found among the papers on file in the case, failed to include the above-described land, and it is conceded that this suit is a collateral attack on the decree of the chancery court of January 5, 1926, condemning said land to sale for the unpaid drainage district taxes. It is earnestly insisted by appellant that the finding in said decree that notice had been given for the time and in the manner prescribed by law is conclusive as to the jurisdiction of the court, and that no extrinsic evidence is competent to contradict it on collateral attack. Section 6239, Crawford & Moses' Digest, provides: "In all cases where it appears, from a recital in the records of any such court, that such notice has been given, it shall be evidence of such fact." It has been many times held that in determining whether a domestic judgment, collaterally attacked, is void for want of notice, it must be done by the court on an inspection of the record only.

*Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704; *McDonald* v. *Ft. Smith & W. R. Co.,* 105 Ark. 5, 150 S. W. 135. In the latter case it was said: ''In a case seeking to impeach collaterally a domestic judgment, the question as to whether or not process has been served in the manner prescribed by law, upon the parties defendant therein is tried alone by an inspection of the record, and the verity of such record cannot be assailed by parol evidence.''

The reason for the rule is that judgments and decrees ought to and do import verity and stability, and, as said in *Boyd* v. *Roane, supra*: ''It is generally thought to be better that the doctrine that the record importing absolute verity should work an occasional hardship than that public confidence should be shaken in the stability of judicial proceedings by suffering them to be lightly overturned; and for this reason the weight of authority in the case of a domestic judgment collaterally attacked is that the question of notice or no notice must be tried by the court upon an inspection of the record only.''

On the other hand, as has been frequently held, if the record contradicts the finding of service or notice in the decree, the record stultifies itself, and the decree is overcome. In § 273, Black on Judgments, it is said: ''But while it is inadmissible to contradict the record by extrinsic evidence, it is always open to the party to show that one part of the record contradicts another part. Thus the recital of service in a judgment may be contradicted by producing the original summons and the return. See also *State ex rel. Atty. Gen.* v. *Wilson,* 181 Ark. 683, 27 S. W. (2d) 106; *Holt* v. *Manuel,* 186 Ark. 435, 54 S. W. (2d) 66. In the case of *Giese* v. *Jones,* 185 Ark. 548, 48 S. W. (2d) 232, it was held that, although the decree recited that publication of the notice as required by law was given, still, if the decree itself contradicted such finding, it was open to collateral attack. In *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158, it was again held that every presumption in favor of the jurisdiction of the court and the validity of the judgment is indulged unless it affirmatively appears from the record itself that facts essential to the jurisdiction are lacking, and that a judgment or decree entered upon con-

structive service by publication is upon an equal standing with a judgment upon personal service, and it was there said: "The affidavit in proof of the publication of the notice of pendency of the suit is not a part of the record, however, from which it can be shown that there was want of jurisdiction by the court rendering the decree, no mention or recital of such proof of publication being found therein." In other words, in that case the decree failed to identify the service or notice that was published, but was couched in the following general terms: "Upon call of this cause, it appearing that all persons and corporations having or claiming interest in any of the lands hereinafter described have been fully and constructively summoned as required by law, and that said interested persons and corporations come not but make default."

The finding in the case at bar in the foreclosure decree is entirely different. It particularly identifies the manner of service in the language above set out. It names the newspaper in which the notice was published and the length of time it was published and further recites that the cause was submitted to the court upon the complaint, the delinquent list and "the proof of publication of the notice aforesaid." We think this is sufficient identification of the notice and proof of publication in the decree itself to make it a part of the record of the proceedings in this cause, and, while there is a general finding of due and proper service upon all the owners of said lands, it is limited by the terms of the decree itself when it undertakes to describe the means and manner of service by publication of the notice in a certain newspaper and by stating that the cause was submitted upon the proof of publication of said notice. The statute under which the notice was attempted to be given, § 3631, Crawford & Moses' Digest, requires that the notice shall contain a list of supposed owners with a descriptive list of delinquent lands and the amount due thereon from each. Since the notice as published failed to describe appellee's land, the court was without jurisdiction to condemn it for sale, and therefore correctly canceled it, unless, indeed, there is a presumption that some other or different notice was published. We think

there is no room for any such presumption in this case. The suit was filed December 4, 1925, and the decree was had January 5, 1926. Within that time it would not have been possible for a new publication to have started and been completed before the decree.

The decree of the court was therefore correct, and must be affirmed.

JOHNSON, C. J., (dissenting). I cannot agree with the majority opinion. In my opinion the effect of the majority opinion is to overrule a line of decisions which are now considered rules of property in this State. The majority opinion is to the effect that the solemn recitals of a judgment or decree may be contradicted by an affidavit. This is not the law and has never been, in my opinion.

The decree in this case reads as follows: "That due and proper service has been had upon all the owners of said lands and real estate hereinafter described by means and reasons of the publication of a notice of the pendency and purpose of said suit as is required by law, which notice was published for four consecutive weekly issues in the *Stuttgart Arkansawyer*, a newspaper of *bona fide* circulation in the Northern District of Arkansas County, etc."

The majority opinion advances the novel statement that, since the court found that the notice was published by the *Stuttgart Arkansawyer*, therefore any affidavit or proof of publication filed by the *Stuttgart Arkansawyer* is conclusive evidence of the manner of service.

The effect of the majority opinion is that the solemn recitals of this decree in a court of general jurisdiction may be overturned, contradicted and nullified by an affidavit attached to a publication. This assumption is based only upon the fact that the name of the newspaper which published the notice happens to appear in the decree. The question as to whether or not proper service was had in this case was purely and only a question of fact for the trial court to determine, and the mere fact that the decree recites that the notice was published in the *Stuttgart Arkansawyer* should not open the flood gates and tear down, nullify and contradict solemn judgments and decrees of courts of general jurisdiction. The only effect

of naming the newspaper in which the publication was published is to name the witness who effected the proof of publication. Certainly, this court would not permit the publisher of this newspaper to now make an affidavit that the *Stuttgart Arkansawyer* did not publish any such notice and thereby contradict, nullify and destroy the solemn recitals of this decree. If this court would not permit this procedure, then why it will permit the decree to be contradicted by an *ex parte* affidavit made and filed in said cause is beyond my power of comprehension.

Concededly, this is a collateral attack upon the decree of the court of superior and general jurisdiction.

In the case of *McDonald* v. *Ft. Smith & W. Ry. Co.*, 105 Ark. 5, 150 S. W. 135, this court, quoting from the third paragraph of the syllabus, said: "In the case of a domestic judgment collaterally attacked, the question of notice or no notice must be tried by the court upon an inspection of the record only; and where a judgment recites that the defendants were duly served with summons as required by law, it must be taken as true unless there is something in the record to contradict it."

In the McDonald case just cited it was a collateral attack upon the judgment of the circuit court condemning certain lands for right-of-way purposes. The appellant in the suit offered to show by an agreed statement of facts that "Ella Hare was, at the time of the institution of such condemnation suit, and has been continuously ever since that time, a person of unsound mind." The trial court refused to admit this evidence in contradiction of the record. The court held that this testimony was not admissible for the purpose of contradicting the recitals of the judgment to the effect that due and proper notice had been given.

It was also insisted in the McDonald case that the record did not disclose that any answer was filed or a defense made by the guardian of the insane person, and that the record affirmatively showed that an answer was only filed by the defendant Mat Gray, administrator. This court in disposing of that contention said: "Omission to appoint a guardian does not impair the authority of the

court to proceed in the case, but at most is an irregularity in the exercise of its lawful jurisdiction which on settled principles of law may impregnate its judgment with error, but cannot render it absolutely null. The effect of the omission to appoint a guardian *ad litem* for one laboring under legal disability, therefore, will not be to vitiate the judgment on collateral attack, but to make it voidable only by appeal, or other direct proceeding.''

In the case of *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, this court, quoting from paragraph one of the syllabus, said: ''In a decree ordering the sale of land in an action foreclosing a tax lien, the recital of facts necessary to the court's jurisdiction are conclusive upon a collateral attack.''

In the same case, reading from the fourth section of the syllabus, this court said: ''In an action attacking a decree collaterally for want of jurisdiction, the affidavit in proof of the publication of the notice of the pendency of the suit is not a part of the record from which can be shown a want of jurisdiction in the court rendering the decree.''

In the Price case the decree in the foreclosure proceedings which was collaterally attacked, reads as follows: ''Upon call of this case it appearing that all persons and corporations having or claiming interest in any of the lands thereinafter described have been fully and constructively summoned as required by law, and that said interested persons and corporations come not but make default.''

In the statement of facts this court said: ''Appellee attempts to show in this, an entirely different proceeding, that the judgment of the court condemning the lands to sale for payment of the delinquent taxes was without jurisdiction for failure to give notice of the pendency of the suit by publication as the law requires, notwithstanding the recitals of the decree that such notice had been duly given, by introducing what purported to be an affidavit in proof of the publication of such notice, showing only that it was published two times instead of four, as the statute provides.''

In reference to this the court held: "The affidavit in proof of the publication of the notice of the pendency of the suit is not a part of the record, however, from which it can be shown that there was want of jurisdiction by the court rendering the decree, no mention or recital of such proof of publication being found therein. Another affidavit or other proof of the publication than the one presented here could have been filed in the other case, and it is conclusively presumed, as against this collateral attack, that the notice was published and that all persons interested were, as the decree recites, "duly and constructively summoned as required by law."

In the case of *Fiddyment* v. *Bateman*, 97 Ark. 77, 133 S. W. 192, this court held: "Where an overdue tax decree recited that due notice was given by publication of warning order as required by law, it will be presumed on collateral attack that due notice was given, though the proof of the warning order was defective in failing to show that the newspaper in which the publication was made had a *bona fide* circulation in the county and had been regularly published therein for one month before the date of the first publication of the warning order, and was also defective in failing to show the date of the second insertion of the warning order.".

Numerous decisions of this court might be cited establishing the rule as stated in these cases. This court squarely decided that the affidavit in proof of publication of the notice of the pendency of the suit is not a part of the record which can be looked to in determining whether or not the court acquired jurisdiction of the subject-matter. If the recitals of the decree cannot be contradicted by the affidavit in proof of the publication, it is difficult to conceive just how such affidavit may be used in this case to contradict the solemn recitals of the record. It is my opinion that the effect of this majority opinion is to overrule the case of *Price* v. *Gunn*.

Next it is sought to uphold the decree of the trial court in this case on the doctrine announced in *Giese* v. *Jones*, 185 Ark. 548, 48 S. W. (2d) 232. The decree attacked collaterally in this case provided: "The first pub-

lication thereof was made on the 22d day of October, 1925; the second on the 29th day of October, 1925, the third on the 5th day of November, 1925, and the last on the 12th day of November, 1925.''

''In the decree rendered in the suit brought by the commissioners of District No. 7 it is recited that the notice was published October 22, 1925, October 29, 1925, November 5, 1925, and November 12, 1925.

''It thus appears, from the face of these decrees, that the four weeks' notice required by law had not been given in any case when the decree of sale was rendered.''

The decree collaterally attacked in *Giese* v. *Jones* was rendered by the court on November 14, 1925, and the last publication of the fourth notice occurred on November 12, 1925; therefore, it appeared from the fact of the decree itself that the notice was invalid which rendered the decree a nullity according to its own recitals.

By no stretch of imagination can it be said in the instant case that the *Giese* v. *Jones* case is authority therefor. I heartily agree that *Giese* v. *Jones* was rightly decided.

This court in the case of *Clay* v. *Bilby,* 72 Ark. 101, 78 S. W. 749, held: ''If the decree or judgment does not exclude the conclusion, the presumption is that sufficient and competent evidence was before the court to sustain its finding as to the publication of notice.'' The majority opinion in this case is squarely in the teeth of *Clay* v. *Bilby,* just cited.

This court in the majority opinion in effect holds that, since the decree states that the publication was made in the *Stuttgart Arkansawyer,* no presumption will be allowed that any other or different evidence was produced or that the fact was otherwise than as stated in the decree. This seems to have been the doctrine announced by the Supreme Court of the United States in *Settlemier* v. *Sullivan,* 97 U. S. 444; but this court did not follow the case referred to, but on the contrary distinguishes between the two by using the following language: ''But this is not true in case of service by publication. In that case, no statute forbidding, parol evidence may be received

to prove publication of notice; and, if the decree of judgment does not exclude the conclusion, the presumption is that sufficient and competent evidence was before the court to sustain its findings as to the publication of notice.'' *Clay* v. *Bilby, supra.*

This court in *Shaw* v. *Polk,* 152 Ark. 18, 237 S. W. 703, quoting from the third paragraph of the syllabus, held: ''A recital in a decree that the defendants had been duly served with summons cannot be contradicted in a collateral attack by proof to the contrary.''

This court held in *Road Improvement Dist. No. 4* v. *Ball,* 170 Ark. 522, 281 S. W. 5, quoting from the second paragraph of the syllabus: ''Objection to the jurisdiction of a court of superior jurisdiction which does not appear on the face of the record is not available in a collateral attack, but only on appeal.''

The majority are perfectly willing to accept as true the statement in the decree that the notice was published in the *Stuttgart Arkansawyer,* but unwilling to accept as true the other recitals in the decree to the effect that the notice was published in the form and manner required by law; they permit an *ex parte* affidavit to contradict and nullify this recital in the decree. It is immaterial whether or not this notice was published in the *Stuttgart Arkansawyer;* it is immaterial who made the affidavit in the proof of publication. This court should conclude that the trial court had before it legal and competent testimony to establish the facts recited in the decree.

The great weight of American authority is that the recitals of a judgment or decree of a court of superior jurisdiction are conclusive except when directly attacked. See case note 68 A. L. R. 390.

Suppose the decree collaterally attacked in this case had provided ''that service was had by publication in the form and manner required by law,'' and it was ascertained by evidence that but one newspaper was published in the county, and that this newspaper denied by affidavit that it had published the notice. Would this court hold that the decree could be contradicted and nullified in this manner? I think not, but in effect this is exactly what

this court is now holding. I conceive the settled law of this State to be that on collateral attack a judgment or decree .in its recitals as to jurisdictional matters is conclusive unless it appears from the face of the decree that it is a nullity.

No Arkansas case is cited in support of the rule now announced by this court, and I am sure that we are now departing from an established rule which has become a landmark in judicial construction and interpretation which almost amounts to a rule of property.

For these reasons I respectfully dissent.