4-6103                                          145 S. W. 2d 738

Opinion delivered November 25, 1940.

*Norton & Butler,* for appellant.

*J. R. Pugh, Dennis W. Horton* and *Roy D. Campbell,* for appellee.

McHaney, J.  On March 31, 1936, the St. Francis Levee District brought suit in the chancery court against certain lands to foreclose its lien for delinquent levee taxes for the year 1935.  Included in said suit was the 40 acres of land here in controversy belonging to appellee, Arkansas Club.  A decree of foreclosure was rendered June 26, 1936, but for some reason was not entered until October 25, 1937.  A commissioner was appointed to make the sale, which was made to appellant, reported to the court and confirmed by it on December 28, 1937.  Appellee Arkansas Club had no actual notice of the suit as service was by warning order.

The Arkansas Club neglected by oversight to pay the levee taxes for 1935, but did pay for 1936, 1937, 1938, and 1939, and no notice was ever given it by the collector that the land had been sold to appellant for the 1935 taxes.

The present action was begun on February 14, 1940, by Reese Young, a tenant on the land, against appellant, Dolores Proctor and appellee Dick Huxtable, but Young and Proctor have passed out of the case and the suit is one between appellant and appellees.  Appellant claimed title by virtue of his purchase under the foreclosure decree of June 26, 1936.  Huxtable answered alleging many grounds which rendered the sale for levee taxes void, one of them being that the notice of the filing of the suit to foreclose the lien for levee taxes for its 1935 tax was published in the Crowley Ridge Chronicle, a newspaper published in Forrest City, Arkansas, and was run only three times, to-wit, in the issues of April 16, 23 and 30, 1936, these facts being shown by the proof of publication filed in said suit.  Later, Arkansas Club was made a party and it adopted the answer of Huxtable.  Trial resulted in a decree for appellees which canceled appellant's deed but they were required to reimburse appellant for the $12.75 with interest which he paid under said original decree for the land.  The case is here on appeal.

It is conceded that the applicable statute relating. to the time and manner of giving notice to landowners of the pendency of a suit to enforce liens for delinquent

taxes in the St. Francis Levee District is act 262 of the Acts of 1909, and that it provides that the clerk shall cause to be published a notice containing said list of lands in some newspaper for four weekly insertions. Under said act the court acquires jurisdiction at the next term of court only if four weeks publication have been made before the day of trial. The decree in the foreclosure suit, rendered June 22, 1936, but entered *nunc pro tunc* on October 25, 1937, provides: "On this day comes the plaintiff (St. Francis Levee District), by its attorney, Burk Mann, and the defendants, though duly and legally summoned by warning order, proof of publication (of) which has been filed herein, come not but fail to answer, and this cause is submitted to the court upon the complaint, exhibits and proof of service of process from all of which the court "finds," etc. We think this reference in the decree to the manner of service "by warning order, proof of publication (of) which has been filed herein" and "proof of service of process" sufficiently identifies the proof of publication to make it a part of the record to which the court may look in the present action to determine its jurisdiction or lack of it in the former. An inspection of this proof shows it was published only three times, weekly for three weeks instead of four, and this failure to so publish the notice for four weeks rendered the foreclosure decree void for want of jurisdiction to render it.

It is conceded that this present action is a collateral attack on the decree of June 22, 1936. In *Union Investment Co.* v. *Hunt,* 187 Ark. 357, 59 S. W. 2d 1039, we said: "It has been many times held that in determining whether a domestic judgment, collaterally attacked, is void for want of notice, it must be done by the court on an inspection of the record only." In *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158, cited and quoted from in *Union Inv. Co.* v. *Hunt, supra,* it was held that every presumption in favor of the jurisdiction of the court and the validity of the judgment is indulged unless it affirmatively appears in the record itself that facts essential to jurisdiction are lacking. It was there said: "The affidavit in proof of the publication of the

notice of pendency of the suit is not a part of the record, however, from which it can be shown that there was want of jurisdiction by the court rendering the decree, no mention or recital of such proof of publication being found therein." In that case the decree failed to identify or refer to the proof of publication, but was couched as follows: "Upon call of this cause, it appearing that all persons and corporations . . . have been fully and constructively summoned as required by law, and that said interested persons and corporations come not but make default." But in *Union Indemnity Co.* v. *Hunt, supra,* and here the decree particularly refers to the proof of publication and identified how the service was had. We held in that case that the decree which recited "that due and proper service has been had upon all of the owners of the said lands . . . by means and reason of the publication of a notice of the pendency of said suit as is required by law, which notice was published for four consecutive weeks in the Stuttgart Arkansawyer," etc., sufficiently identified the proof of publication to make it a part of the record and could be looked to in determining the jurisdiction. There the notice failed to describe Hunt's land and we held the decree void as to it, and that when the proof of notice was looked to it contradicted the general terms of the decree as to "due and proper service." We there said: "On the other hand as has been frequently held, if the record contradicts the finding of service or notice in the decree, the record stultifies itself, and the decree is overcome." Citing cases. It is true the recitals in the decree as to notice in that case went into more detail than in this, but we think this can not affect the result. The decree in this case recites that the defendants were "summoned by warning order, proof of publication (of) which has been filed herein" and that the cause was submitted upon the complaint, exhibits and proof of service of process. The court was, therefore, justified in looking to the whole record to determine its jurisdiction and when it examined the proof of publication on file and thus identified in the decree, it found there were only three publications instead of four, as required by said

act 262, and that this part of the record contradicted the general recital of due and legal service, thereby stultifying itself and overcoming it.

The court properly refused appellant's offer to prove *de hors* the record that publication was actually made four times, as jurisdiction on collateral attack must be determined from an inspection of the record itself.

The decree is accordingly affirmed.

SMITH, J., (dissenting). The question here is not whether any injustice has been done by permitting the landowner in the instant case to redeem his land upon returning the tax purchaser's money. If no other question were involved, we might all say, "Well done." But we have done much more. We have rendered the solemn judgments of courts less stable. No one may know when judgments have become final and are not open to collateral attack. It is conceded, of course, that the instant case is a collateral attack upon the decree foreclosing the tax lien.

The decree in the foreclosure case, rendered June 22, 1936, contains the recital that "On this day comes the plaintiff (Levee District) by its attorney, Burk Mann, and the defendants, though duly and legally summoned by warning order, proof of publication of which has been filed herein, come not but fail to answer, and this cause is submitted to the court upon the complaint, exhibits and proof of service of process, from all of which the court finds, . . ." Here is the solemn recital that the cause was submitted upon proof of publication, which the court finds sufficient and upon which the decree was rendered. The chancellor who rendered that decree, also rendered the decree from which is this appeal. He knew, of course, the proof of publication was required, and he found that this proof had been made. It was not required that the decree recite what this proof was, as was done in the case of *Union Investment Co.* v. *Hunt*, 187 Ark. 357, 59 S. W. 2d 1039. This solemn finding has been set aside as false, because, perchance, there was found in the files of the case *a* proof of publication

which is said to constitute the proof of publication upon which the foreclosure decree was rendered.

In the first place, the proof of publication offered in evidence at the trial from which is this appeal, does not contradict the finding in the foreclosure decree. This proof of publication recites ". . . that said advertisement was published in said newspaper 4 times, for 4 weeks consecutively, the first insertion therein having been made on the 16th day of April, 1936, second insertion 23rd day of April, 1936, third insertion 30th day of April, 1936." The most technical objection which could be made to this affidavit as to the publication of the notice is that it did not state the date of the fourth publication. But the affidavit did state that the notice was published "4 times, for 4 weeks consecutively." The first having been made on the 16th day of April, 1936, the fourth publication must necessarily have been made on May 7th.

The law requires publication of this notice for 4 weeks. The proof of publication shows that it was published "for 4 weeks consecutively," and it was a mere clerical misprision in failing to state that the fourth publication, which the affidavit says was made, was, in fact, made on May 7th.

But who can know that this error was not corrected and that other proof was not furnished in the shape of a more accurate affidavit? It is an undisputed fact that the notice was published in the issue of the newspaper of May 7th. A copy of the newspaper of date May 7th was offered in evidence at the trial from which is this appeal, showing a fourth publication of the notice on that day. May not that proof have been made upon the rendition of the original decree of foreclosure? May not proof of publication have been made which was not only substantially correct, but was exactly correct? Certainly, that presumption should be indulged when reenforced by the finding, incorporated in the decree, that the landowners had been "Duly and legally summoned by warning order, proof of publication of which has been filed herein." In view of this finding, contained in the

decree, may it be said that the decree was rendered upon only three publications of the notice?

The majority cite the case of *Union Investment Co. v. Hunt,* 187 Ark. 358, 59 S. W. 2d 1039, as supporting their action in vacating the foreclosure decree. An entirely different state of facts was presented in that case. In that case the decree of foreclosure was rendered upon a notice which was published "for four consecutive weekly issues in the *Stuttgart Arkansawyer,* . . ." There was thus precluded in that case any finding that it was otherwise published, and an inspection of this notice, thus published, disclosed the fact that the notice failed to include the lands there involved. In other words, a decree of foreclosure was rendered against lands which were not included in the foreclosure suit. The court, in that case, did not acquire jurisdiction to render a decree against lands which were not included in the delinquent notice published in the *Stuttgart Arkansawyer.* The decree in that case identified the lands against which the foreclosure decree was rendered, these being the lands described in the four weekly publications of the *Stuttgart Arkansawyer,* and when the publication, which that decree identified, and to which it referred, was examined, it appeared that the lands involved in the Hunt case had not been sued on.

We have here a very different question. It is not disputed that the lands in suit were described in the notice published in the *Crowley Ridge Chronicle* whose publisher made the affidavit above quoted in part, and the affidavit of the publisher of that paper shows the notice was published four times for four consecutive weeks beginning the 16th day of April, 1936. If that affidavit is insufficient, there is nothing in the decree to indicate a finding that the court did not have other and additional evidence as to the dates of publication, which were, in fact, made for the time and in the manner required by law, the notice having been sufficiently and properly published. In the Hunt case, *supra,* the decree refers to and identifies the list of lands upon which suit had been brought as thus advertised in the *Stuttgart*

*Arkansawyer,* and the lands there involved were not included in that notice. The owner of the lands involved in the Hunt case did not know that his lands had been sued on, and he would not have acquired that information had he examined the published list of delinquent lands, as his lands were not included therein.

The opinion in the Hunt case does not purport to overrule the case of *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158. On the contrary, that case is quoted from and approved in the following language: "In *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158, it was again held that every presumption in favor of the jurisdiction of the court and the validity of the judgment is indulged unless it affirmatively appears from the record itself that facts essential to the jurisdiction are lacking, and that a judgment or decree entered upon constructive service by publication is upon an equal standing with a judgment upon personal service, and it was there said: 'The affidavit in proof of publication of the notice of pendency of the suit is not a part of the record, however, from which it can be shown that there was want of jurisdiction by the court rendering the decree, no mention or recital of such proof of publication being found therein.' In other words, in that case the decree failed to identify the service or notice that was published, but was couched in the following general terms: 'Upon call of this cause, it appearing that all persons and corporations having or claiming interest in any of the lands hereinafter described have been fully and constructively summoned as required by law, and that said interested persons and corporations come not but make default'."

In this case, as in the *Price* v. *Gunn* case, *supra,* the finding as to service was couched in general terms, and in neither case did the decree identify the service of notice that was published except in general terms. There is, therefore, nothing in the record in this case which precludes the finding that the court did not ascertain the fact to be that the notice had been published for four weeks, as it, in fact, had been, and as the court found and declared the fact to be in the foreclosure decree.

In the case of *Clay* v. *Bilby,* 72 Ark. 101, 78 S. W. 749, 1 Ann. Cas. 917, it was said that "If the decree or judgment does not exclude the conclusion, the presumption is that sufficient and competent evidence was before the court to sustain its finding as to the publication of notice." We have many cases, both earlier and later, than the case of *Clay* v. *Bilby* to the same effect.

It appears to me that the majority opinion is unsound in law, and that its necessary effect will be to lessen the stability of and faith in the finality of the judgments of courts of record of this state.

The case of *Borden* v. *State,* 11 Ark. 519, 44 Am. Dec. 217, is one of the landmarks in the judicial history of this state, which has been cited and approved many times since its rendition, and this statement from that opinion has been many times quoted: "To this the maxim of the law 'that a private mischief shall be rather suffered than a public inconvenience' would seem to give a satisfactory answer. Because the law of notice looks clearly to the protection of private rights, while the law of the validity of judgments until reversed by appellate powers, whilst it also protects private rights, looks emphatically to the effective administration of justice, the sanctity of records, the protection of the ministers of justice that they may fearlessly discharge their duties, the stability of titles, the end of strife and the repose of society. And another answer equally conclusive is that a question, whether there has been notice or no notice, relates not to the investiture of judicial power, but its rightful exercise."

Following this pronouncement, many of our cases appear to be conclusive of the proposition that a final judgment or decree of a court having jurisdiction of the subject-matter, is invulnerable to collateral attack, if said judgment or decree contains a finding that those things necessary to give jurisdiction of the person or the *res* were done. Among cases to that effect are the following: *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704; *Taylor* v. *King,* 135 Ark. 43, 204 S. W. 614; *Kindrick, Curator* v. *Capps,* 196 Ark. 1169, 121 S. W. 2d 515.

In my opinion, the decree here appealed from should be reversed, and the decree foreclosing the lien of the Levee District should be upheld, and I, therefore, very respectfully dissent.